ROXANA HIXON *vs.* CITY OF LOWELL.

A city is not liable for an injury, caused to a foot passenger on a sidewalk which the city is bound to keep in repair, by the falling of an overhanging mass of snow and ice from the roof of a building not owned by the city, although it has so overhung the highway for more than twenty four hours before the accident.

ACTION OF TORT to recover damages for personal injuries caused by an alleged defect in a highway in Lowell, called Market Street, and by the falling of snow and ice from the roof and gutter of the Second Universalist Church, situated on said street.

At the trial in the court of common pleas in Middlesex at September term 1858, it was admitted that the street and side-

walk were unobstructed, and in a perfect state of repair upon the surface, and that the sidewalk was ten feet wide. There was evidence that this street was one of the principal streets of the city; that the church was built by its proprietors close upon the line of the street, and between forty and forty five feet high above the sidewalk; that during the heavy snow storms of the winter of 1855–56 the snow accumulated upon the roof of the church in large quantities, and, as it thawed, gradually slipped down, and hung projecting over the sidewalk from eighteen inches to two feet; that the plaintiff, while passing along the street, was struck by snow falling from the building; that the snow fell upon the sidewalk from the centre of the walk to the street, and lay flattened out like any snow slide; and that the snow had been seen overhanging the eaves and gutter of the church more than twenty four hours before the accident.

*Perkins*, J. instructed the jury "that if they were satisfied that a mass of snow and ice, forming a projection from the building named, hung suspended eighteen inches or two feet over the public travelled sidewalk, in such a position as to be dangerous to the public travel along the same, and to render the way unsafe for the citizens and others passing and having a right to pass and repass along and over it, and said projection of snow and ice had existed and been hanging extended over said sidewalk for more than twenty four hours previously to the accident and injury to the plaintiff complained of, or after some of the principal inhabitants and taxpayers of the city had been notified thereof, and the same snow and ice, thus projecting and extended over the sidewalk, fell upon and injured the plaintiff, from natural causes then operating upon the same, as she was walking along the sidewalk in the usual course and line of public travel, and in the exercise of due care on her part, and the city had done nothing to warn her of the danger, or to pro-tect her from the same, they would be liable for the injury done her by the fall of said snow and ice upon her; that the jury must be satisfied that the plaintiff was injured by that mass of snow and ice projecting from the eaves of the building, and overhanging the travelled part of the sidewalk, and must be

satisfied that the mass of snow and ice fell at the time from the effect of natural causes then in operation upon it; that the law .does not require towns and cities to insure against accidents; but if a mass of snow and ice overhangs the public travelled sidewalk, so as to extend eighteen inches or two feet into and over the sidewalk, and in that position is unsafe and dangerous to the public travel, it would be the duty of the public authorities to remove it, or otherwise protect the citizens against it, though it might be suspended forty or sixty feet high over the sidewalk ; and that the proper officer would have the right to remove such a mass of snow and ice overhanging the street, and dangerous to the public travel, though one edge of it was attached to the eaves of a private dwelling-house located on the street."

The jury returned a verdict for the plaintiff, and in answer to an inquiry of the court stated that they found that the said mass of snow and ice had been in the position, in which it was at the time of the accident, for more than twenty four hours before that time. The defendant alleged exceptions, which were argued in Boston in February 1859.

*T. H. Sweetser*, for the defendant.

*B. F. Butler*, for the plaintiff.

HOAR, J. This case presents an extremely interesting question, affecting the duties and liabilities of towns and cities in regard to the repair and maintenance of highways. The action, so far as we are aware, is of novel impression in this commonwealth. By the Rev. Sts. c. 25, § 1, " all highways, town ways, causeways and bridges within the bounds of any town " are required to " be kept in repair at the expense of such town, so that the same may be safe and convenient for travellers, with their horses, teams and carriages, at all seasons of the year." By § 22 it is provided that " if any person shall receive any injury in his person or property, by reason of any defect or want of repair, which has existed for the space of twenty four hours, in any highway, town way, causeway or bridge," he may recover compensation therefor in the manner therein provided. And the same provision, with the exception of the limitation of twenty

four hours, is reënacted in the *St.* of 1850, *c.* 5. We are now required to determine whether the facts reported disclose such a "defect or want of repair" in a highway as will create the liability of the town, contemplated by the statute.

The instructions of the justice who presided at the trial in the court of common pleas were full, explicit and carefully guarded, and not open to any valid exception, if the case presented would authorize a verdict for the plaintiff. That learned judge was undoubtedly guided in his ruling by the decision of this court in the case of *Drake* v. *Lowell*, 13 Met. 292. In that case it was decided, that where an awning was erected by the owner of a building adjoining a highway, projecting over the sidewalk, and supported by posts standing between the sidewalk and the part of the street intended for carriages, and such awning was allowed by the city to remain in an unsafe condition, so as to endanger travellers passing in the highway beneath it and exercising ordinary care, the city was responsible for an injury occasioned by the fall of the awning, when loaded with snow and ice after a storm, although the way was in all other respects safe and convenient for the public travel.

In this action, the plaintiff seeks to extend the operation of the principles of that decision to a case where the only defect in the highway was the projection, from the roof of a building, of a mass of snow and ice, which had gradually collected upon it, and had slid and been pressed forward by the snow above it, until it overhung the travelled way and rendered passing beneath it dangerous.

It may not be easy to perceive and state distinctly the difference between the two cases, in regard to the liability of the town; but we are all of opinion that there is such a distinction, and that the facts which were proved on the trial will not sustain this action.

In most cases, the town has discharged its duty, when it has made the surface of the ground over which the traveller passes sufficiently smooth, level and guarded by railings to enable him to travel with safety and convenience by the exercise of ordinary

care on his own part. There may be many causes of injury, to which he might be exposed in travelling upon such a way, which would not constitute any defect or want of repair in the way itself. In *Vinal* v. *Dorchester*, 7 Gray, 421, it was held, that a town was not responsible for an injury caused to the plaintiff by the running of the cars of a railroad company across a public highway; although the railroad was constructed in a manner not allowed by law, and the trains run thereon in a manner dangerous to the travellers on the highway. The town, if it has done its duty in making the way safe and convenient in all the proper attributes of a way, is not obliged to insure the safety of those who use it.

The traveller may be subjected to inconvenience and hazard from various sources, none of which would constitute a " defect or want of repair" in the way, for which the town would be responsible. He might be annoyed by the action of the elements ; by a hail storm, by a drenching rain, by piercing sleet, by a cutting and icy wind, against which, however long continued, a town would be under no obligation to furnish him protection. He might be obstructed by a concourse of people, by a crowd of carriages; his horses might be frightened by the discharge of guns, the explosion of fireworks, by military music, by the presence of wild animals ; his health might be endangered by pestilential vapors, or by the contagion of disease; and these sources of discomfort and danger might be found within the limits of the highway, and continue for more than twenty four hours, and yet that highway not be, in any legal sense, defective or out of repair. It is obvious that there may be nuisances upon travelled ways, for which there is no remedy against the town which is bound by law to construct and maintain the way. If the owner of a distillery, for example, or of a manufactory adjoining the street of a city, should discharge continuously from a pipe or orifice opening toward the street a quantity of steam or hot water, to the nuisance and injury of passers by, they must certainly seek redress in some other mode than by an action for a defective way. If the walls of a house adjoining a street in a city were erected in so insecure a manner as to be liable to fall upon

persons passing by, or if the eaves trough or water conductor was so arranged as to throw a stream from the roof upon the sidewalk, there being in either case no structure erected within or above the travelled way, it would not constitute a defect in the way.

It is true that the present case finds that the snow had slid from the eaves, so that for more than twenty four hours before it fell it hung above the sidewalk; but we can see no good reason why the plaintiff should therefore have a claim against the city, any more than if it had fallen directly from the roof without the intermediate suspension.

The liability of towns for injuries caused by defective ways is created by statute; and is not to be extended by construction beyond the limits which a reasonable interpretation of the statute establishes. We are of opinion that in *Drake* v. *Lowell* one of those limits was reached; and that where there is no structure, such as, if inconsistent with the safety of travellers, would be an encroachment upon the street, and the way itself is properly constructed, the descent of snow or water from the roof of a building, whether sudden or gradual, does not give a right of action against the town to recover compensation for the injury which it may occasion. It is not, within the meaning of the law, a " defect or want of repair in the highway."

*New trial in this court.*