LYMAN DIMOCK *vs.* THE TOWN OF SUFFIELD.

A road may be rendered unsafe by objects upon it calculated to frighten horses, as well as by its defective construction; and where the object is such as to frighten horses of ordinary gentleness it is a nuisance which it is the duty of the town to remove.

But to make the town liable for the neglect to remove such an object the case should be a very clear one.

A person driving a horse "not entirely gentle but somewhat timid and inclined to shy," is bound to use much more than ordinary caution in passing such an object, to entitle him to redress against the town for injuries received.

ACTION on the case for injuries received, through the negligence of the defendants, from the unsafe condition of a highway. The case was tried in the superior court on the general issue closed to the court.

On the trial the highway in question was proved to have been properly constructed and in good repair, except so far as the contrary appears from the following facts. The road where the accident happened was over a clay soil and the gutters on each side of the traveled path were deep, but the road was properly made and worked. Several weeks prior to the injury complained of the owner of the adjoining land had placed stones in one of the gutters, for the purpose of turning the water into a furrow plowed from the gutter to his land, and had placed on the top of the stones several bushels of old plastering. The plastering was piled up to a height nearly equal to the height of the road bed, and extended within about three feet of the shoulder of the bed of the road, but was in no manner an obstruction to the public travel, except so far as it might frighten horses. The pile of plastering was of a light color, and by its color, shape and proximity to the road, was calculated to frighten horses, except such as were entirely gentle. The plaintiff received the injury complained of in consequence of his horse being frightened by this pile of plastering and thereby becoming unmanageable. The horse was not entirely gentle, but somewhat timid and inclined to shy, but was such a horse as persons of ordinary prudence do not

hesitate to drive, and the want of ordinary care was not imputable to the plaintiff in driving the horse. There was no proof that the authorities of the town had express notice of the plastering being at the place described, but it had been there such a length of time that notice ought to be presumed if any duty pertained to the town in relation to the same. The plaintiff claimed that the defendants were guilty of neglect of duty in suffering the rubbish to remain in the place and under the circumstances mentioned, and that the other facts in issue being proved, he was entitled to recover. The defendants claimed the contrary, and denied that any duty devolved on the town in relation to the rubbish.

Upon these facts, which were specially found by the court, the case was reserved for the advice of this court.

*Strong* and *Nichols*, for the plaintiff.

Towns are bound to keep their highways in good and sufficient repair, and are liable for injuries occasioned by any defect therein. Rev. Stat., tit. 24, secs. 1–5. The object of the statute is to give to travelers a way along which they can safely pass, using ordinary care, and the statute should be so construed. Angell on High., § 259. Towns are bound to remove obstructions from highways as well as to repair other defects, and are liable for injuries occasioned by obstructions outside of traveled paths if the same endanger public travel. *Willard* v. *Newberry*, 22 Verm., 465. *Batty* v. *Duxbury*, 24 id., 162. *Springer* v. *Bowdoinham*, 7 Greenl., 442. *Cobb* v. *Standish*, 14 Maine, 198. *Johnson* v. *Whitefield*, 18 id. 286. *French* v. *Brunswick*, 21 id., 29. *Bryant* v. *Biddeford*, 39 id., 193. *Snow* v. *Adams*, 1 Cush., 443. *Coggswell* v. *Lexington*, 4 id., 307. *Hamden* v. *New Haven & Northampton Co.*, 27 Conn., 170. And they are equally liable if the obstructions render the highway dangerous by being such as are calculated to frighten horses. *Bigelow* v. *Weston*, 3 Pick., 267. *Howard* v. *North Bridgewater*, 16 id., 190. *Littleton* v. *Richardson*, 32 N. Hamp., 59. *Willey* v. *Portsmouth*, 35 id., 304. *Kelsey* v. *Glover*, 15 Verm., 708. *Cassedy* v. *Stockbridge*, 21 id., 391. Angell on High., § 261. Travelers

are not bound to always use the gentlest horses, but to exercise ordinary prudence only. Angell on High., § 295. *Hunt* v. *Pownal*, 9 Verm., 411. *Kelsey* v. *Glover*, supra.

*Hubbard*, for the defendants.

The duty of towns in respect to highways is defined in the following language,—" To keep in good and sufficient repair." Rev. Stat., tit. 24, § 1. If the defendants are liable it is for a breach of this duty. The term " repair " has reference, not to the occasional rubbish or other incumbrances placed by third persons on the outside of the traveled way, but to such amendments of structure as are rendered necessary by wear and tear, the action of the elements, and other like causes. Is a highway out of repair if the national flag is flying on the road side? And yet it is an object calculated to frighten horses. The cases to be found in support of a different doctrine are founded on particular statutes requiring highways to be kept in a *safe* condition for the traveling public. Our statutes contain no such provision. Gen. Stat. Massachusetts, ed. 1860, ch. 44, secs. 1, 8. Rev. Stat. Maine, ed. 1857, ch. 18, secs. 37, 47, 70. Our statutes distinguish between a want of repair, or faults of structure, and the occasional incumbrances which are placed on highways by third persons. Rev. Stat., tit. 24, § 1, and tit. 38, § 1. Why is such totally different phraseology employed in the two statutes if precisely the same objects are pointed at?

HINMAN, C. J. Our advice is asked in this cause upon a question of fact; whether, under the circumstances detailed in the finding, the town was guilty of negligence in suffering the pile of plastering, which frightened the plaintiff's horse, to remain by the side of the road. We presume it was not intended that we should confine our examination of the question to the abstract duty of the town merely, but to the town's duty in reference to the plaintiff under the circumstances of this particular case. And, thus considered, it becomes a question whether, under the circumstances stated, the town

Dimock *v*. Town of Suffield.

was guilty of any negligence of which the plaintiff can complain. We must therefore consider not merely whether the object was calculated to frighten horses generally, but whether the plaintiff used ordinary care to prevent the injury, since any negligence on his part conducing to the result of which he complains is as perfect an answer to his claim for damages as would be the entire want of any negligence on the part of the town. We have therefore to consider all the facts and circumstances stated, and all such legitimate inferences of fact as ought fairly to be drawn from them. Ordinarily we do not attempt to find facts, and perhaps the most proper course in this case would be to dismiss it by simply saying that, as the negligence imputed to the town has not been found by the superior court, the plaintiff of course can not recover. But as we are clearly of opinion that no such negligence on the part of the town ought to have been found under the circumstances, and as the facts themselves are connected with legal principles very liable to be misapplied in this class of cases, especially by jurors, (the case presenting a mixed question of law and fact, in which it is sometimes claimed to be the duty of the court to instruct the jury how they ought to find their verdict,) and as the parties themselves are desirous that we should determine it without reference to any technical difficulty of this sort, we have concluded to give our opinion upon the case, as if it was before us to decide in the same manner that it was before the superior court.

It is made the duty of towns to cause the highways within their limits to be kept reasonably safe and convenient; and the statute has also rendered them liable to travelers for injuries caused by the neglect of this duty. And there is no doubt that a road may be rendered unsafe by objects upon it which are calculated to frighten animals, as well as by its defective construction, or the neglect to keep it reasonably secure by railings or fences where the location is such as to render them necessary. The authorities cited by the plaintiff's counsel sustain this position most fully. But whether a slight discoloration by the side of the road, such as was caused in this case by the plastering that lay there, was in fact an object

Dimock *v.* Town of Suffield.

calculated to frighten. horses which are reasonably gentle, and therefore fit to be driven, is an entirely different question. That the plaintiff's horse started at this object proves nothing, because the finding is that he was timid and accustomed to shy. · The court finds that it was calculated to frighten horses that were not entirely gentle. But we do not understand that by this it was intended to find that it was such an unusual object as was calculated to frighten horses generally, or those that were reasonably gentle, so as to be fit for use ; and when we consider that persons of even ordinary prudence do not hesitate frequently to use the most vicious horses, we do not think much light is shed upon the question by this circumstance. It appears to us, therefore, that the character of this object in respect to its rendering the road unsafe is not found by the court, and that no facts are found from which we should infer that it was such an unusually frightful object as to amount to a nuisance, which it was the duty of the town authorities to remove. And, considering the important duties on the part of travelers, which they must observe in order to entitle them to damages for injuries caused by defective roads—that they can not heedlessly disregard the ordinary objects to be met upon all roads, many of which are calculated more or less to frighten animals—considering also that a person driving an animal known not to be entirely gentle " but somewhat timid and accustomed to shy," is bound to observe a much higher degree of care and skill in order to show that there was no neglect of the ordinary care and skill which are required of all to enable them to avail themselves of the faults of others—considering also that the object which frightened the horse was plainly visible to the plaintiff before the fright, and its effect could therefore have easily been guarded against, we feel no hesitation in drawing the inference that there was heedlessness amounting to negligence on the plaintiff's part, which was the cause of his injury, and that with the exercise of reasonable care and prudence he would safely have passed the object. We certainly think this a much more reasonable inference than that so slight a discoloration of the side of the

road should have the effect of rendering unmanagable a horse which persons of ordinary prudence do not hesitate to drive.

In coming to this result it will be seen that we have not attempted to determine, as a question of law, whether any duty devolved on the town in reference to this pile of plastering. That depends upon whether it was, in its general operation, calculated to frighten horses of ordinary gentleness. If so, then it was a nuisance which it was the duty of the town authorities to remove. We do not understand that it was intended by the court to find it such in this case, as upon that supposition there would be nothing of any doubt or difficulty to submit to us, unless it be in reference to the negligence of the plaintiff. Of course it is impossible to say that a discoloration of the soil of the road, or of the sides of it, is a nuisance. Nor can we say that there may not be such a discoloration as will amount to one. It is for a jury or the court in every instance to determine it, as a question of fact. No principle of law is involved in it. No doubt it is a fact very liable to be wrongfully determined against corporations which are bound to keep roads in repair ; and on that account we ought always to require clear proof of negligence before finding it. Every intelligent man knows that the objects more or less calculated to frighten timid animals are innumerable upon the sides of all our highways ; and that the expense of removing them, so as to render the roads perfectly safe for travelers with animals of this description, would be such as no community could endure. Negligence therefore, in respect to the removal of such objects, should always be examined in reference to what may reasonably be required. And in respect to objects only calculated to frighten animals by their shape or color, we should always hesitate to find it unless the evidence is of the most direct clear and unequivocal character. We do not find it to be such in this case. Indeed, as we have before intimated, we deem it much more probable that the plaintiff's accident was the result of his own carelessness, in connection with the restiveness of his horse, than that it resulted from the unsafe condition of the road.

We therefore advise the superior court to render judgment in favor of the defendants.

In this opinion the other judges concurred.