## FOSHAY vs. THE TOWN OF GLEN HAVEN.

HIGHWAYS: *Liability of town for permitting objects to remain within limits of highway, which frighten horses.*

1. Objects within the limits of a highway, *naturally calculated to frighten horses of ordinary gentleness,* may constitute such defects in the way as to render the town liable, even though so far removed from the traveled path as to avoid all danger of collision.

2. An instruction "that an object existing within the limits of the highway, but leaving the traveled path unobstructed, so that the traveler is safe from collision with it, is not an insufficiency in the way, *merely because it exposes the traveler's horse to become frightened at the sight of it,* and the town in such case would not be liable"—*held* erroneous, because, in its most obvious sense, and as applied to the facts in the case, it conflicts with the law as above stated.

APPEAL from the Circuit Court for *Grant* County.

Section 120, ch. 19, R. S., provides that "if any damage shall happen to any person, his team, carriage, or other property, by reason of the insufficiency or want of repairs of any bridge, or sluice-way, or road, in any town in this state, the person sustaining such damages shall have a right to sue for and recover the same against such town in any court having jurisdiction thereof."

The complaint in this action alleges, in substance, that, on, etc., plaintiff's horses, attached to a carriage in which he was riding along a highway in the defendant town, were frightened by a certain " hollow, burnt and blackened log, lying close beside the traveled part" of said highway, and ran away with said carriage, without any negligence on plaintiff's part, and inflicted injuries upon themselves, the carriage, and the plaintiff's person, to his damage $3,000. It further avers, among other things, that the horses were gentle, that the object named was "calculated to frighten horses" passing along said road, and had greatly frightened other horses than those of plaintiff; that it had lain there many months ; that plaintiff was not familiar with the road, and did not know that the log was there until the horses were so near it, that, in consequence of the nature of the road, etc., it was impossible for him to avoid it. The answer denies that the accident happened by reason of any insufficiency or want of repairs of said highway ; and alleges negligence on plaintiff's part.

The evidence for the plaintiff tended to sustain the allegations of the complaint, a number of witnesses testifying, among other things, that their horses had been frightened by the log therein mentioned. At defendant's request the court gave to the jury, among other instructions, the one recited in the opinion, *infra*. Verdict for the defendant; new trial denied; and plaintiff appealed from a judgment on the verdict.

*Paine & Carter*, for appellant.

*Barber & Dewey*, for respondent.

PAINE, J. There is one error for which this judgment must be reversed. It is in the following instruction given to the jury : " That an object existing within the limits of the highway, but leaving the traveled path unobstructed, so that the traveler is safe from collision with it, is not an insufficiency in the way, merely because it exposes the traveler's horse to become frightened at

the sight of it, and the town in such case would not be liable." We adopt upon this subject the rule established by the supreme courts of Vermont, New Hampshire and Connecticut, that objects within the limits of a highway, naturally calculated to frighten horses of ordinary gentleness, may constitute such deficiencies in the way as to render the town liable, even though so far removed from the traveled path as to avoid all danger of collision. The authorities are all referred to and commented on in a very able opinion by the supreme court of Vermont in the case of *Morse v. Richmond,* reported in the American Law Register for February, 1869.

The counsel for the respondent, while not denying this to be the law, endeavored to obviate the objection to the instruction under consideration, by so construing it as to avoid a conflict with the rule. If I correctly understood him, he claimed that it was correct to say that an object outside of the traveled path did not constitute a defect, merely because it exposed horses to be frightened, unless the object was naturally calculated to produce that result, and that the instruction as given did not include the latter proposition, and therefore could not be said to be wrong.

But such an interpretation overlooks the obvious meaning of the instruction. It was asked for by the defendant's counsel on the trial. It was designed to be applicable to the facts appearing in the evidence. The real legal question in the case was, whether an object in the highway, outside of the traveled path, calculated to frighten horses, constituted any such insufficiency as rendered the town liable. The evident object of this instruction was to tell the jury that it did not. It is well framed to accomplish that object, and such only is its natural interpretation. True, it does not expressly characterize the object referred to as one calculated to frighten horses. But it obviously assumes that fact. It would be wholly inapplicable and frivolous unless understood as referring to such an object. The very

statement that an object exposes the traveler's horse to become frightened at the sight of it, implies that the sight of it might naturally produce that result. The word "merely," as used in it, does not relate to the degree of the tendency of the object to produce fright, as though the court had told the jury that an object was not necessarily a deficiency in the road, because it was barely possible that a horse might be frightened. But the word "merely" was used to distinguish between the liability to frighten horses, and other modes of causing injury. The plain meaning of the instructions seems to be, that where there is an object in the highway naturally calculated to frighten horses, no matter how great its tendency to produce that result, if that is the only objection to it, it is not such an insufficiency as to render the town liable. This was in conflict with the rule as above stated; and the judgment must be reversed, and a new trial had.

*By the Court.* — So ordered.