LYDIA E. AYER *vs.* THE CITY OF NORWICH.

Objects within the limits of a highway which in their nature are calculated to frighten horses of ordinary gentleness, may be nuisances, which make the highway defective within the meaning of the statute, and which it is the duty of a town to remove.

The character of the objects however should be such as to make the danger obvious and the duty of the town clear.

Whether such an object in any particular case amounts to such a nuisance, is a question for the jury to determine, upon a consideration of its character, its situation, the amount of travel on the highway, and all the circumstances.

ACTION on the case, for an injury received from an alleged defect in a street of the defendant city; brought to the Superior Court in New London County, and tried to the jury on the general issue before *Minor, J.* Verdict for the plaintiff, and motion for a new trial by the defendants. The case is fully stated in the opinion.

*Hovey* and *Pratt*, with whom was *Halsey*, in support of the motion, cited Revised Statutes of 1715, p. 10, 1750, p. 17, 1768, p. 17, 1784, p. 16, 1795, p. 17, 1821, p. 266, 1866, p. 492; *Chidsey* v. *Canton*, 17 Conn., 478; *Dimock* v. *Suffield*, 30 id., 132; *Stonington* v. *States*, 31 id., 214; *Hewison* v. *City of New Haven*, 34 id., 140; *Munson* v. *Derby*, 37 id., 298; *Keith* v. *Easton*, 2 Allen, 552; *Kingsbury* v. *Dedham*, 13 id., 186; *Cook* v. *Charlestown*, 98 Mass., 80; *Stone* v. *Hubbardston*, 100 id., 49; *Jones* v. *City of Boston*, 104 id., 75.

*Brandegee* and *A. F. Park*, with whom was *Lucas*, contra, cited Gen. Statutes, 493, 603; Angell on Highways, §§ 2, 222, 223, 226; *House* v. *Metcalf*, 27 Conn., 631; *Dimock* v. *Suffield*, 30 id., 129, 132; *Hewison* v. *City of New Haven*, 34 id., 136, 142; *Bronson* v. *Southbury*, 37 id., 201; *Munson* v. *Derby*, id., 298, 310; *Snow* v. *Adams*, 1 Cush., 446; *Hixon* v. *City of Lowell*, 13 Gray, 64; *Keith* v. *Easton*, 2 Allen, 552, 554; *Kingsbury* v. *Dedham*, 13 id., 186; *Cook* v. *Charlestown*,

98 Mass., 80, 82; *Morse* v. *Richmond*, 41 Verm., 443; *Rex* v. *Russell*, 6 East, 477; *Rex* v. *Cross*, 3 Campb., 226; *Rex* v. *Jones*, id., 230; *Rex* v. *Carlisle*, 6 Car. & P., 636.

CARPENTER, J.  A tent, standing within the limits of the highway, and partly upon the traveled path, was so constructed and decorated as to be an object of terror to horses. The plaintiff's horse being frightened thereat, she was thrown from the carriage in which she was riding, whereby she was seriously injured.  This action is brought to recover damages for such injury, the plaintiff claiming that the tent constituted a defect, or want of repair, in the highway, so as to render the defendants liable.

The counsel for the defendants requested the court to charge the jury " that if the only defect complained of was the tent, and that was so situated with reference to the plaintiff's wagon that she could not by any possibility, as she was driving along the street, come in collision with the tent, and that it was only a defect from its appearance, then it was not such a defect as would subject the defendants under the statute, even if it stood on the traveled path of the street."  The court did not so charge the jury, but instructed them as follows: " It is made by the law of this state the duty of the defendants to cause the highways within the limits of the city of Norwich to be kept reasonably safe and convenient, and they are liable to travelers for injuries caused by the neglect of this duty.  A highway may be rendered unsafe by objects thereon that are in or upon the traveled path, which are calculated to frighten horses of ordinary gentleness when driven thereon, and which obstruct the travel on the highway, as well as by defective construction.  If the jury find that this tent was on some portion of the traveled path of the highway over which the public were accustomed to pass with horses, carriages and teams, and was, in its general operation, calculated to frighten horses of ordinary gentleness, and if they also find it to have been of such size and character as to obstruct travel, then it was a nuisance that it was the duty of the defendants to

remove, and rendered the highway defective within the meaning of the statute."

The jury returned a verdict for the plaintiff, and the defendants move for a new trial for the refusal to charge as requested, and for a misdirection.

The real question in the case may be stated thus:—Will an object, in any case, be a defect in a highway under our statute, simply because, by its general operation, it is calculated to frighten horses of ordinary gentleness ? If, as matter of law, such an object cannot be a defect, the defendants are entitled to a new trial; otherwise, not.

. This question has already been decided by this court in the affirmative; (*Dimock* v. *Suffield*, 30 Conn., 129;) and that decision has been accepted by the court and the bar as the law of the state. That disposes of the question now before us unless we are prepared to overrule that case. We cannot regard that decision as mere *obiter dictum*, as suggested by the defendants' counsel. This very question was argued by able counsel, and the opinion of the court upon it is explicit. The mere fact that the case was decided for the defendants upon another point does not weaken the force of the decision.

But the defendants insist that the doctrine of that case is not in harmony with the spirit of our statute, as interpreted in *Chidsey* v. *Canton*, 17 Conn., 475, and *Hewison* v. *New Haven*, 34 Conn., 136. In the former it was held that the town was not liable for consequential damages, such as the loss of service, expenses of nursing, &c., resulting to a person from injuries to his wife and daughter by reason of a defective bridge. In the latter, it was held that the city was not liable for an injury caused by the falling of a weight suspended over the street insecurely by a private party. In both cases the court refused to extend, by construction, the liability of towns to cases not within the letter or spirit of the statute. Neither case involved the question of liability for objects causing injuries by frightening horses. If therefore this case may be fairly said to be within the reason and spirit of the act, we are not precluded by the cases referred to from holding the defendants liable.

The statute makes it the duty of the defendants to keep the highway "in good and sufficient repair." The liability imposed by a subsequent section is designed to enforce this duty. The object of the statute is to compel towns to keep the highways reasonably safe and convenient for travel. *Dimock* v. *Suffield*, supra ; *Munson* v. *Derby*, 37 Conn., 298. Here is an object, entirely foreign to all the legitimate uses of a highway, permitted to stand within the limits, and partly upon the traveled path, of the principal thoroughfare in a populous city, for a period of four days. The jury found that it ".was in its general operation calculated to frighten horses of ordinary gentleness ; " and that it was of " such size and character as to obstruct travel." That such an object renders the use of a highway unsafe and inconvenient will admit of no question. It is reasonable therefore to suppose that the legislature intended to make it the duty of the defendants to remove the object and to make them liable for a neglect of this duty.

We are aware that in Massachusetts a different doctrine is established. *Keitts* v. *Easton*, 2 Allen, 552 ; *Kingsbury* v. *Dedham*, 13 Allen, 186 ; *Cook* v. *Charlestown*, 98 Mass., 80. On the other hand in Vermont, New Hampshire and Wisconsin the rule adopted in Connecticut seems to be well established. *Morse* v. *Richmond*, 41 Vermont, 443 ; *Bartlett* v. *Hooksett*, 48 N. Hamp., 18 ; *Fashay* v. *Glen Haven*, 25 Wis., 288. Some of the later cases cite *Dimock* v. *Suffield* as an authority.

The fact that our sister states differ on this subject has induced us to give it a careful examination.

The object in this case belongs to a class of nuisances relating directly to the appropriate use of the highway. Indeed, independent of the use of the highway with horses, it can hardly be said to be a nuisance at all, except as it encroached upon the traveled path. There is little danger that a carriage will come in actual collision with such a tent; and if it does the tent will be much more likely to receive harm than the carriage. The danger consists in the inability to drive horses of any spirit by it, or near it, without fright,

resulting probably in accident and injury.    That danger
extends to a large proportion of the horses used.    Compar-
atively few horses are more than ordinarily gentle.    Such
horses might, and probably would, pass quietly and safely.
But with a vast majority of horses it is otherwise.    They
would be sure to see the object and be more or less fright-
ened by it.    The danger is imminent that they will become
unmanageable, or that something about the vehicle or harness
will give way, and that an accident will be the result.    A
hole in the road at that place would be far less dangerous.
Nine out of ten carriages might pass it without horse or
driver noticing it.    If seen it could be easily avoided.    One
out of a large number might, by accident, get into it and be
injured.    On the other hand the tent in the present case was
almost certain to frighten any horse driven near it, and the
safety of those concerned depended largely upon the skill of
the driver or strength of the harness.    Take the case of
*Cook* v. *Charlestown* before referred to, as another illustration.
The nuisance there was a dead horse in the street.    A horse
driven by was frightened and the plaintiff injured.    It was
held that he could not recover inasmuch as the wagon did not
actually come in contact with the obstruction.    Practically
none but a blind or spiritless animal could be driven near
enough to it for such contact; and those that could, could be
easily controlled.    All others would be sure to avoid it.    The
chances of an accident by actual contact are small indeed
when compared with the chances by fright.    That decision,
as it seems to us, affords almost absolute immunity for one
of the most dangerous nuisances that will be likely to exist.

We can understand that the Massachusetts cases make a
distinction between injuries resulting from actual contact with
an object, and injuries resulting from fright occasioned by
the same object; and that the practical application of such a
distinction is free from difficulty.    But any other reason for
the distinction is not so apparent.

It is conceded that the object is a nuisance.    It must also
be conceded that the nuisance in both cases is the direct and

immediate cause of the injury, and that the injury is the natural and probable consequence of the nuisance. If I strike a horse and cause him to run, whereby persons in the carriage are injured, I am liable in trespass for all the damage. If by my negligence I frighten him and thereby cause injury, I am liable in case. If a town or other corporation by its negligence produce the same result, why should it not be liable? We must confess we are unable to discover any good reason for holding towns liable for injuries caused by collision, and not liable for injuries caused by fright. The cause and effect in each case being the same, the manner and detail are unimportant.

We fully agree with that distinguished court, and so held in *Hewison* v. *New Haven,* that there is a large class of nuisances which may cause injury to persons in the use of a highway, for which towns are not liable; and we agree that there are very many objects which may frighten horses upon the highway, in relation to which no duty devolves upon the town, and therefore, in case of injury, no liability attaches. But the fact that a horse may be frightened at a piece of paper or the rustling of leaves, is no reason why the town should not remove a dead horse, or a frightful looking tent.

The character of the object, however, should be such as to make the danger obvious and the duty of the town clear. In respect to this no rule can be laid down which will indicate clearly and definitely the line between immunity and liability. It is, and must be from the nature of the case, in the main, a question of fact for the jury. We only determine that such nuisances *may* be defects; whether they are so or not, the jury upon a consideration of the character of the object, its situation, the amount of travel, and all the circumstances, must determine. This question, like all other questions of negligence, we think may be safely left with the jury.

In conclusion, we are satisfied that the law is, and ought to be so, that objects within the limits of a highway, which in their nature are calculated to frighten horses of ordinary gentleness, may be nuisances which make the highway

defective within the meaning of the statute, and which the town or corporation charged with the duty of maintaining the highway is bound to remove.

A new trial is not advised.

In this opinion the other judges concurred.