JONATHAN CHAMPLIN, RESPONDENT, v. THE VILLAGE OF PENN YAN, APPELLANT.

*Obstructions in a street — suspension of a banner across a street — liability of a village, to one who is injured by his horse taking fright at it and running away — evidence — when it may be shown that similar banners have frightened other horses.*

An advertising banner, twenty-four feet wide and twelve feet deep, was suspended across one of the streets in the defendant village. The top was attached to a wire and ropes which were fastened to the tops of the buildings fronting on the street opposite to the banner. A rope led from one corner of the bottom to an awning post on the sidewalk, and one running from the other corner of the bottom was fastened to the sill of the window of a house. The jury found that the banner was an object likely to frighten horses ordinarily gentle and well trained.

In an action by the paintiff to recover damages sustained by being thrown from his buggy while his horse, which had been frightened by the banner while passing under it, was running away:

*Held*, that the banner was wrongfully erected across the street, and that it was the duty of the board of trustees of the village to remove it.

That by allowing it to remain there for a considerable length of time they were guilty of negligence which rendered the village liable for the injuries which the plaintiff had sustained.

Upon the trial the plaintiff was allowed to prove that on another occasion prior to his accident, a flag similar to the one in question had been suspended over the same street in a similar manner, and that it had frightened other horses which were being driven along the street under it.

*Held*, that the evidence was admissible to show the jury that horses are at times frightened and shy at objects, such as the banner in question.

APPEAL from a judgment, entered upon a verdict rendered at the Yates Circuit in the plaintiff's favor for the sum of $850, and from an order of the Monroe Special Term denying the defendant's motion for a new trial.

*John T. Knox*, for the appellant.

*John Gillett, Jr.*, for the respondent.

BARKER, J.:

The case is this: the plaintiff sustained injuries to his person by being thrown from his buggy while driving along Main street in the village of Penn Yan. An advertising banner was suspended directly over the traveled part of the street between the curb-stones. The banner was suspended by means of ropes attached to the battlements and chimneys of stores on opposite sides of the street. A portion of the upper rope and the part directly over the street between the curb-stones was made of wire, so as to prevent the banner sagging in the center. The banner was made of seine twine, knit in meshes of two or two and one-half inches, and the letters were cut out of oil cloth and sewed on the netting. The banner was twenty-four feet long and twelve feet deep. It was stayed at the bottom by two guy ropes, one fastened to an awning post, standing in the street, on the outside of the sidewalk, in front of one of the stores to which the upper rope was attached, and the other was fastened to a nail or spike driven into one of the window sills of the store on the opposite side of the street. The lower line of the banner was from twenty to thirty feet above the surface of the street.

The proof on the part of the plaintiff tended to show, that, while the plaintiff's horse was being driven along the street and under the banner, it took fright from the banner, became unmanageable and ran away, upsetting the buggy in which the plaintiff was riding. That this banner was such an object as was likely to frighten horses ordinarily gentle and well trained, has been found by the jury, upon evidence amply sufficient and satisfactory to warrant such a conclusion. The act of Sisson, who put up the banner, was unlawful on his part and greatly endangered the life and property of all persons traveling in carriages drawn by horses. The board of trustees had

knowledge that this banner was suspended over the street, for it had been up for a considerable length of time.

It is the duty of all municipal corporations organized under the laws of this State to keep the streets within their territorial limits in a reasonably safe and secure condition, so that they may be safely used by the traveling public. The duty, when not expressly imposed upon the corporation by the terms of its charter, is based upon an implied agreement between a municipal corporation and the sovereign power of the State, by which the corporation agrees to keep the roads in a safe and secure condition, so that they can be used by the public at all times, and for a failure to discharge this duty the municipality is liable to a public prosecution by indictment, and also to a private action at the suit of every person injured by such neglect. (*Conrad* v. *The Trustees of the Village of Ithaca*, 16 N. Y., 158 ; *Requa* v. *The City of Rochester*, 45 id., 129.)

It being within the power of the board of trustees to remove this object as soon as they knew of its existence, it was their duty to do so. The trustees are the agents of the corporation. Their negligence is, in law, the negligence of their principal.

The argument presented by the defendant is this : that it is not the duty of a municipal corporation to remove objects suspended over the street, fastened to supports wholly outside of the street, if they are elevated so high as not to actually obstruct the use of the road-bed or sidewalk. In this State the proposition, as stated, has never been approved by any reported decision, nor have I been able to find any rule or authority which supports the argument. I think the doctrine contended for was repudiated in *Hume* v. *The Mayor* (74 N. Y., 264). In that case the erection complained of as an obstruction to the street was an awning made of a permanent roofing of boards over the entire sidewalk, resting against the building and supported on the outer line by wooden posts standing in the ground, near the curb-stone, and was used wholly for private purposes. This was held to be an unauthorized obstruction, or an encroachment upon the street, and the city was held liable to a person injured by its fall, for the reason that it was the duty of the city to remove it after notice of its erection. In the opinion of the court, no point was made of the circumstance that a part of the structure was supported by a post standing in the street. The court referred

to several Massachusetts cases, with approval, where hanging objects were supported by fastenings in the face of the buildings which were standing on the line of the street, which were held to be unlawful obstructions. The cases to which I refer are, *Pedrick* v. *Bailey* (12 Gray 161); *Day* v. *The Inhabitants of Milford* (5 Allen, 98). The court in commenting on these cases said they are precisely in point upon the question whether such a structure, if in a dangerous position or condition, is a defect in the street, which a municipal corporation, in pursuance of its general duty, is bound to remove or repair. It has been repeatedly held that it is the duty of a municipal corporation to remove objects deposited upon the streets, the natural effect of which is to occasion accidents, frightening horses of ordinary gentleness, although the objects were placed wholly outside of the traveled part of the road-bed.

In *Eggleston* v. *The Columbia Turnpike Co.* (18 Hun, 146), the court remarked : the more common cause of injury and liability are structural defects or means to repair the road-bed ; but a road may also be rendered unsafe, with consequent liabilities therefor, by unsightly objects placed or permitted to remain upon it, which are calculated to frighten animals employed thereon. (See, also, Sherman and Redfield on Negligence, § 388; *Morse* v. *Richmond*, 41 Vt., 435; *Winship* v. *Enfield*, 42 N. H., 199; *Dimock* v. *Suffield*, 30 Conn., 129 ; *Bennett* v. *Lovell*, 18 Alb. Law Jour., 303; *Harris* v. *Mobbs*, Id., 382.)

We are unable to discover any sensible reason for holding that an object permanently suspended directly over the traveled part of a highway, although fastened to supports outside of the limits of the same, is not an obstruction to travel, if it naturally tends to frighten horses of ordinary gentleness. Such an object drives travel from the street over which it is suspended, because discreet persons will avoid the risk and danger incident to an attempt to pass under the same. It endangers travel and makes it perilous to all travelers riding in conveyances drawn by horses. Such an object placed in a place so conspicuous as this banner was, within the plain sight of horses, is to be distinguished from objects which are suspended over sidewalks and fastened to the face of a building, like a sign or a bracket fastened in the face of a building, on which traders display their goods, or a show case standing in front of a store.

In many of the cases cited the argument is rejected that a road-bed can only be rendered defective by something in or upon the road itself, as being narrow and unreasonable. (See *Norristown* v. *Moyer*, 67 Pa., 365; *Grove* v. *The City of Fort Wayne*, 45 Ind., 429.)

The plaintiff was permitted to prove that on another occasion, prior to this accident, a flag similar to this in appearance, suspended over the same street and in a similar manner, did frighten other horses when driven along the street under the same. The objection made to this evidence was put upon the ground that it was incompetent. We think that the evidence was properly received, as showing to the jury that horses are at times frightened and shy at such objects. Some of the jury may have been ignorant of the habit of horses and of their natural tendency to be frightened at objects which they are not accustomed to see. It was certainly competent to prove how such sights are likely to disturb horses of ordinary gentleness when driven before carriages, and in places where they are not accustomed to pass. The witness by whom this fact was proved was an acting trustee at the time of the accident, and consented that this banner might be suspended over the street, and on his cross-examination he testified that his own place of business was near by and on the same street; and that he never saw any horse frightened at the flag; and that he did not know that floating flags were objects at which horses took fright. It was competent to show that this witness had knowledge, at the time he gave consent, that such objects were dangerous. For these purposes the evidence was entirely competent.

As a matter of fact, this object was in part supported and kept in place by being fastened to a post standing in the highway, and while we place no stress on this circumstance, in holding that it was the duty of the defendant to remove this object as an obstruction to the street, we refer to it for the purpose of showing that it makes the case, in all essential particulars, similar to *Hume* v. *The Mayor* (74 N. Y., 264), already cited.

The judgment and order appealed from are affirmed, with costs.

SMITH, P. J., BRADLEY and HAIGHT, JJ., concurred.

Judgment and order affirmed.