HELEN M. STONE *vs.* A. H. LANGWORTHY, Town Treasurer.

PROVIDENCE—JULY 7, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

Rulings not objected to at the time they were made are not before the court on a subsequent petition for a new trial.

The fact of a highway may be proved by immemorial use and repair by the town, and also by dedication and acceptance.

This evidence, however, must relate to facts and not be the opinions of witnesses who simply say a road is or is not a highway.

A member of a town council or committee on highways may be supposed to .

know the highways in his town, but his official character does not make him competent to declare it.

While a town is liable for objects left in the highway which are calculated to frighten horses, the rule cannot apply to all horses irrespective of disposition.

Testimony as to the conduct of a horse just before an accident is admissible; but testimony as to its behavior after the accident is of such slight practical value that the trial of the real issue will be aided by its exclusion.

A member of a town council has no power, by statute or otherwise, to change the lines of a highway.

The statute requires towns to keep their highways safe, and this requirement is not limited by the expenditure of a reasonable sum for this purpose.

TRESPASS ON THE CASE for defective highway. Heard on defendant's petition for a new trial.

STINESS, J. The defendant's petition for a new trial alleges that the verdict was against the evidence, and also sets out numerous exceptions. The record shows, however, that most of the rulings complained of were not objected to at the trial and hence are not before us. *Sarle* v. *Arnold*, 7 R. I. 582; *Hamilton* v. *Hamilton*, 10 R. I. 538; *Meyers* v. *Briggs*, 11 R. I. 180; *Burdick* v. *Kenyon*, 20 R. I. 498. The first exception noted was to the testimony of Walter Price, a member of the town council of Westerly and of the committee on highways, that the road in question was a public highway.

The action is brought to recover damages caused by the negligence of the town to keep a highway safe for travel. One of the fundamental facts to be proved is that the place in question is a highway, since without this there would be no obligation on the town to keep it safe and in repair; and, like all other facts, it must be proved by the best evidence, if required. Ordinarily, the layout of a highway is a matter of record, which would be conclusive. It does not appear in this case whether there is a record of this highway or not, but it is well known that as to many old highways in this State there is no such record. In such a case the rule was established, in *State* v. *Cumberland*, 6 R. I. 496, that the fact of a highway may be proved by immemorial use and repair by the town. In *Hampson* v. *Taylor*, 15 R. I. 83 (87), this rule was recognized, by sustaining testimony as to repu-

tation and immemorial use, adding: "which is one step in the proof required; and though the record does not show that any evidence was offered to prove that the town had assumed the burden of repair by repairing, which was the next step, it may be presumed that such proof was not insisted on, since no exception was taken to the want of it." The exception in this case differs from that in *Hampson* v. *Taylor*, in this, that it was taken *in limine*, and not to the testimony as a whole, after it had been given.

In addition to proof of a highway by record and by immemorial use and repair, there may be proof by dedication and acceptance, which may become complete in a short time. *Union Co.* v. *Peckham*, 16 R. I. 64. In all of these cases, however, facts must be put in and not opinions. The question and answer objected to in this case was: "That was a part of the public highway in the town of Westerly, was it not? Ans. Yes, sir." This answer might involve a conclusion of law, which would be for the court; or of fact, which would be for the jury. In neither case could the witness give his conclusion. While a member of a town council or committee on highways may be supposed to know the highways in a town, yet he gets his knowledge from the records of the town, and his official character does not make him competent to declare the fact; for if it did, and one member should testify that a road is a highway and another that it was not, there would be two equally conclusive declarations in direct contradiction to each other. Where there is a record it speaks for itself; and where there is none, recourse may be had to long-continued use and repair or to dedication and acceptance. These are the facts which must be proved; and they are not proved when a witness simply says, against objection, that a road is or is not a highway.

There being no other proof of a highway, the first exception is sustained.

The second and ninth exceptions are to the exclusion of testimony that the plaintiff's witness Welch, the owner and driver of the horse at the time of the accident, had stated that the horse was not safe. The defendant urges his right

to the testimony upon the ground of contradiction of the witness; but as he had not testified that the horse was safe, he was not open to contradiction on that point. Moveover, the record shows that the offer of the defendant was to show notice to the plaintiff that the horse was not safe, which could not be shown by Welch's mere statement to somebody else. These two exceptions are overruled.

The third exception is to the exclusion of testimony that Welch tried the horse, before driving it, on the day of the accident. From other rulings we infer that the testimony was excluded because the plaintiff would not be charged with notice of what this witness did. To this extent the ruling would be correct; but we think that the testimony was admissible on another ground. The plaintiff claimed that the accident was caused by the fright of the horse at a pile of sand negligently left in the road; while the defendant claimed that it was due to the vicious or untrained character of the horse and not to negligence on the part of the town, because the pile of sand was not an object calculated to frighten ordinary horses. Upon this point we think that the testimony excluded might have had some bearing. In *Bennett* v. *Fifield*, 13 R. I. 139, it was held that a town is liable for objects left in a highway which are calculated to frighten horses. The case being on demurrer, there was no discussion of the question whether the rule would apply to any horse or to ordinary horses. But the cases cited by the court, with which it agreed, are cases which state or assume the rule as applicable to horses of ordinary gentleness. *Morse* v. *Richmond*, 41 Vt. 435; *Winship* v. *Enfield*, 42 N. H. 197; *Chamberlain* v. *Enfield*, 43 N. H. 356; *Bartlett* v. *Hooksett*, 48 N. H. 18; *Dimock* v. *Suffield*, 30 Conn. 129; *Ayer* v. *Norwich*, 39 Conn. 376; *Young* v. *New Haven*,, 39 Conn. 435; *Foshay* v. *Glen Haven*, 25 Wis. 288. See also Elliott on Roads, 482–3. It is clear that the rule cannot apply to all horses, irrespective of disposition, for a horse might take fright at a discoloration in the road, a stone, bush, post, leaves, or other objects for which it would be unreasonable to charge a town with liability. The testimony offered was

as to the conduct of the horse just before the accident, and we think it was admissible.

Other exceptions to the exclusion of testimony showing the behavior of the horse after the accident are somewhat different. In *Chamberlain* v. *Enfield*, *supra*, such testimony was sustained upon the ground that neither horses nor men are likely to entirely change their habits in a short space of time; and, hence, under proper instructions, the character of a horse after an accident may tend to show what it was at the time of the accident. While such a rule is not without reason, we think that it is too impracticable to be of value. The fact in question must be the character of the horse at the time of the accident. In view of this, the "proper instructions" necessarily take from such testimony most of its force. Allowance must be made for the fact that a horse once frightened is liable to be frightened again; for difference in circumstances, which are seldom twice alike, and which may tend to a variety of evidence, leading the jury away from the real issue; and for the uncertainty of inference from behavior at one time to the like behavior or character at a previous time. We think, therefore, that such testimony is of such slight practical value, even if we assume its theoretical admissibility, that the trial of the real issue will be aided by its exclusion. See *Anderson* v. *Taft*, 20 R. I. 362.

Only two of the requests to charge the jury need be considered. One was that no member of the highway committee of the town council had authority to give permission to widen a public highway. This was refused, but it should have been allowed. It is too evident for argument that a member of a town council has no power, by statute or otherwise, to change the lines of a highway.

Another request, that a town is only bound to expend a reasonable sum on its highways, in proportion to its taxable property, was properly refused. The statute requires the towns to keep their highways safe, and no such limitation as that requested can be added to it.

New trial granted, and case remitted to the Common Pleas Division for further proceedings.

*Walter B. Vincent and John W. Sweeney,* for plaintiff.
*Albert B. Crafts,* for defendant.