[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case raises important and vexing issues concerning the proper interpretation of our defective road statute, Conn. Gen. Stat. § 13a-149, in the context of a horrifying accident. The case has been tried to the bench. The principal question to be addressed is whether the sole defendant, the City of New Haven, had adequate notice, for purposes of the statute, of a Fourth of July bonfire which was built and ignited only briefly before the occurrence of the injury here but was also part of an annual ritual going back many years. For reasons about to be discussed, settled legal doctrine requires this question to be answered in the negative.
The accident in question occurred at approximately 11:35 P.M. on July 3, 1992, at the intersection of Clark and Pleasant Streets in New Haven. Credible testimonial evidence establishes that for at least fifteen years prior to that time, a large bonfire had invariably been set at this intersection shortly before the stroke of midnight between July 3 and July 4. New Haven Fire Department records for several of the more recent bonfires are in evidence. Fire alarms were sounded for this intersection at 11:18 P.M. on July 3, 1986; 10:19 P.M. on July 3, CT Page 8488 1987; 12:21 A.M. on July 4, 1988; 11:22 P.M. on July 3, 1989; 11:21 P.M. on July 3, 1990; 11:31 P.M. on July 3, 1991; and 11:40 P.M. on July 3, 1992. The last-mentioned alarm was for the bonfire involved here.
On July 3, 1992, Christopher Prato, the plaintiff in this case, was a 19 year old student at Trinity College. He was a bright and athletic young man who looked forward to being a starting linebacker on Trinity's varsity football team that coming fall. He did not live in the area of Clark and Pleasant Streets and had the bad luck to in the wrong place at the wrong time. He was in the area looking for a friend for a ride home when he came upon what he took to be a large block party on Clark Street. At about 11:30 P.M., he noticed a tremendous bustling at the intersection of Clark and Pleasant and saw dozens of people running from their houses with old couches, wooden planks and other debris. A huge pyramid of this debris was erected in four or five minutes. It was swiftly ignited and became a bonfire. The bonfire rendered the intersection impassable and was sufficiently hot to scorch the pavement. The plaintiff, at this time, was about 150 feet away. Within 90 seconds of the ignition, he heard a loud explosion and was knocked directly on his back. Blood was pouring from his right eye. Something from the fire had plainly hit his eye with great force.
For all practical purposes, the plaintiff has permanently lost the use of his right eye as a result of the accident just described. Although he has adjusted to his disability with admirable courage and spirit, there can be no doubt that he has endured much suffering. His problem is that the sole defendant in his lawsuit is the City of New Haven, and the City's liability cannot be established on this record.
The plaintiff filed this action against the City in 1993. His amended complaint contains two counts. The First Count alleges negligence and a violation of Conn. Gen. State. §§ 13a-99 13a-149. The Second Count alleges nuisance. The City has filed three special defenses. The first special defense contends that the plaintiff's claims are barred by Conn. Gen. Stat. § 52-447n. The second special defense claims governmental immunity. The third special defense claims contributory negligence.
Several claims asserted in the plaintiff's amended complaint can be summarily dismissed. The plaintiff has not briefed any claim grounded in either common law negligence or a violation of CT Page 8489 Conn. Gen. Stat. § 13a-99, and those claims are deemed abandoned. Because, as explained below, the plaintiff was injured by means of a defective road, the second count of his amended complaint is, he admitted at argument, precluded by Conn. Gen. Stat. § 52-557n(a)(a)(C). See Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 190-92, 592 A.2d 912 (1991). The plaintiff's sole remaining claim is his assertion, in the first count of his amended complaint, that he is entitled to relief under the defective road statute.
Conn. Gen. Stat. § 13a-149 provides that, "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." This is an ancient statute, dating to 1672; see Gouldv. City of Hartford, 44 Conn. Sup. 309, 393, 691 A.2d 35, 15 CONN. L. RPTR. 254 (Conn.Super.Ct. 1995); and the judicial gloss applied to it over the centuries has become a thick geologic crust. It is well established that, to recover under § 13a-149,
 the plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have know of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence.
Lukas v. City of New Haven, 184 Conn. 205, 297, 439 A.2d 929
(1981). Only the first two elements of this test need to considered here. As explained below, the record is sufficient to establish the existence of a highway defect but is insufficient to establish the necessary notice.
A highway defect, our Supreme Court stated long ago, is "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position would be likely to produce that result." Hewison v.City of New Haven, 34 Conn. 136, 142 (1867). This remains the law today. See DiDomizio v. Frankel, 44 Conn. App. 597, 601,691 A.2d 594 (1997). The bonfire in question here was plainly an CT Page 8490 object of this description. There is ample testimony that it made the road impassable. In fact, as the plaintiff rightly pointed out at argument, the pile of debris that ultimately became the bonfire was almost certainly a highway defect before it was even ignited. Once ignited, it obviously became an overwhelming obstacle to the use of the road.
Notwithstanding this analysis, the defendant relies upon other language in Hewison that assertedly requires a closer connection between the claimed defect and the road itself than existed here. Hewison states that, "those objects which have no necessary connection with the road bed, or the public travel thereon, and which may expose a person to danger, not as a traveler, but independent of the highway, do not ordinarily render the road defective." 34 Conn. at 143. Quoting from an earlier Massachusetts case, Hewison lists a variety of nuisances confronting a traveler of the day that, in its estimation, do not amount to highway defects. "`He might be obstructed by a concourse of people, by a crowd of carriages; his horses might be frightened by the discharge of guns, the explosion of fireworks, by military music, by the presence of wild animals.'" Id. at 140 (quoting Hixon v. City of Lovell, 79 Mass. (13 Gray) 59, 63 (1859)). The defendant reasons that the bonfire here had "no necessary connection with the road bed" and that it was comparable to "the explosion of fireworks" said not to be a highway defect in Hewison.
The defendant's Hewison argument is unpersuasive, even on its own terms. The bonfire here was placed directly on the road bed and, in fact, scorched the pavement. It was also a large object and not merely a frightening noise produced by "the explosion of fireworks." It was not analogous to a mere "explosion of fireworks."
In any event, Hewison did not itself involve an object of any description that had been placed on the road. Hewison's
actual holding is that an iron weight attached to a large piece of cloth about twelve feet above the street is not a highway defect. 34 Conn. at 137. A few years later, when a scenario much more analogous to the present case came before the Supreme Court, the reach of Hewison was substantially limited.
Ayer v. City of Norwich, 39 Conn. 376 (1872), involved a tent placed on the highway. The tent was held to be a highway defect, in spite of the fact that it was not itself part of the CT Page 8491 road bed. It was, however, placed on the road bed and as the Court noted, "an object, entirely foreign to all the legitimate uses of the highway." Id. at 379. The Massachusetts doctrine, relied on in Hewison, was said to be "different." Id. The Court said trenchantly, "the fact that a horse may be frightened at a piece of paper or the rustling of leaves, is no reason why the town should not remove a dead horse, or a frightful looking tent." Id at 381. The question of whether a particular nuisance is a defect is to be determined by the trier of fact "upon a consideration of the character of the object, its situation, the amount of travel, and all the circumstances." Id.
Young v. City of New Haven, 39 Conn. 435 (1872), is a case to the same effect. Young holds that a steam roller left upon the street is a highway defect. The Court found the steam roller to be analogous to the tent in Ayer. It explains, by way of another analogy, that "a large boulder" left on the street would be a defect as well. Id. at 441.
The bonfire here substantially more like the tent in Ayer
or the steam roller (or the hypothetical boulder) in Young than the weight suspended twelve feet above the street in Hewison. It was placed on the road bed and "entirely foreign to all the legitimate uses of the highway." Ayer, supra, 39 Conn. at 374. It necessarily obstructed "the use of the road for the purpose of traveling thereon." Hewison, supra, 34 Conn. at 142. After a full consideration of all of the relevant circumstances, I conclude that the bonfire was a highway defect.
The second issue to be considered is whether "the defendant actually knew of the particular defect or . . . in the exercise of its supervision of highways in the city it should have know of that defect." Lukas v. City of New Haven, supra,184 Conn. at 207. The bonfire in question here existed for at most a few minutes prior to the plaintiff's injury. There is no evidence that the defendant actually knew of it until after the plaintiff had been injured. The only remaining question is whether the defendant had constructive notice of the bonfire.
The plaintiff claims that the defendant had constructive notice by virtue of the history of bonfires at the intersection in question described above. In his view, the defendant had actual notice of the custom of annual bonfires. This is not, however, sufficient notice for purposes of the defective road statute. CT Page 8492
If this were a common law negligence case, the plaintiff's notice argument would be a forceful one. The common law has long accepted the proposition that habit and custom may be reliable indicators of future events. See Moffitt v. Connecticut Co.,86 Conn. 527, 530, 86 A. 16 (1913). The cause of action under the defective road statute, however, "is not really one to recover damages for a injury caused by negligence but for one caused by the breach of a statutory duty." Porpora v. City of New Haven,119 Conn. 476, 479, 177 A. 531 (1935). As our Supreme Court has recently explained,
 Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. White v. Burns, 213 Conn. 307, 313, 567 A.2d 1195 (1990); see also W. Prosser W. Keeton, Torts (5th Ed. 1984) § 131. This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway. White v. Burns, supra, 312. Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries. Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991).
Martin v. Town of Plainville, 240 Conn. 105, 109, 689 A.2d 1125
(1997).
Because this is a statutory cause of action and because, as discussed above, the statute is an ancient one, the notice requirement has itself acquired a thick gloss of statutory interpretation over the years. Our Supreme Court long ago made it clear that notice, for purposes of the statute, is not to be construed with the broad sweep of the common law. "The notice, actual or implied, of a highway defect causing injuries which a municipality must receive as a condition precedent of liability for these injuries, is notice of the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it."Carl v. City of New Haven, 93 Conn. 622, 628, 107 A. 502
(1919). See Baker v. Ives, 162 Conn. 295, 305, 294 A.2d 290
(1972), and authorities cited therein. Carl makes it clear that the policy underlying this rule is the restriction of municipal liability. "Were it otherwise, and municipalities were charged with notice of defects which the future should develop upon the strength alone of their knowledge of such conditions as were CT Page 8493 calculated to produce them, the expansion of municipal liability for highway defects would be enormous." 93 Conn. at 628-29.
An important judicial precedent illustrates the application of the Carl limitation to repetitive events like the bonfire custom in question here. Jainchill v. Schwartz, 116 Conn. 522,165 A. 689 (1933), involved a plaintiff who fell on slime dripping from boxes containing fish onto a sidewalk. There was evidence that a nearby fish market had for two years unpacked fish on the sidewalk on Wednesday and Thursday of each week and that the municipal defendant knew of this practice. The Supreme Court upheld a directed verdict in favor of the municipal defendant because the notice was of conditions naturally productive of the defect rather than the defect itself. Id. at 525.
Jainchill is arguably distinguishable from the case at hand because the municipal authorities in that case had notice only of the practice itself (the regular unpacking of fish) as distinct from the hazardous nature of the practice (the leaking of slime). Here, the plaintiff argues, the City by knowing of the underlying practice (the annual lighting of bonfires) necessarily know of its hazardous nature (since bonfires, unlike fish, are intrinsically hazardous). Under our law, however, this distinction is not dispositive. Had Jainchill been a common law negligence case, the municipal defendant might well have been required to make the common sense deduction that the unpacking of fish is naturally productive of hazardous slime. BecauseJainchill was a statutory case, however, the municipality was not required to make this logical deduction. The notice had to be of the defect itself. As an early Maine case relied upon inCarl explains, "[t]he notice must be . . . of the identical
defect which caused the injury." Smyth v. City of Bangor,72 Me. 249, 252 (1881). (Emphasis added.) Our Supreme Court has held that, although the city is required to exercise reasonable supervision of its streets, "no breach of legal duty giving rise to a cause of action can occur unless and until the highway becomes defective." Aaronson v. City of New Haven,94 Conn. 690, 696, 110 A. 872 (1920). See Anderson v. Argraves,20 Conn. Sup. 138, 141, 127 A.2d 620 (1956) (Super.Ct. 1956), aff'd,146 Conn. 316, 150 A.2d 295 (1959).
Under the rule of Carl v. City of New Haven, the municipal defendant here had notice of a custom that naturally produced the defect in question but not of the defect itself. The notice prong CT Page 8494 of the statutory test is consequently not satisfied on the evidence here.
For the reasons set forth above, judgment must enter for the defendant on both counts.
Jon C. Blue Judge of the Superior Court