EPHRAIM S. NICHOLS *vs.* INHABITANTS OF ATHENS.

SAME *et ux. vs.* SAME.

Somerset, 1876.—March 5, 1877.

*Way.*

The body of a common riding wagon left on the side of the road, and laid up edgewise against some bushes, within the limits of the road, but entirely outside of the traveled track, which frightened a horse and thereby caused an injury, is not such an incumbrance as would render the town liable in damages for a defective highway; the question decided being referred to the court, as one of both fact and law.

The town could not reasonably have expected that such an object would naturally have the effect to frighten an ordinarily kind, gentle and safe animal, well broken for traveling upon our public roads.

 ON REPORT of evidence in two cases, tried together.

CASE for injury from defective highway. The alleged defect is stated in the first sentence of the opinion.

The plea was the general issue.

There was evidence that John D. Whittemore, a teamster, was traveling along a back road, in Athens, in August, 1873, with a loaded wagon. About sunset his wagon broke down, and he put his load out of the road on the west side, and the wagon body on the east, leaving no part of the load or wagon within the limits of the wrought or traveled part of the road. The road was about twenty feet wide from ditch to ditch, and in good condition. Early the next morning a tax payer of the town saw the wagon on one side of the road, and the barrels of flour on the other, and other citizens had notice. About noon of the same day, the barrels had been removed, and the plaintiffs passed along with their horse and wagon. The horse shied just before reaching the wreck of the wagon, and threw out both plaintiffs, bruising them in the fall quite severely. The plaintiff husband did not lose command of the horse; they gathered up the contents of their wagon, which had been thrown out, and went on their journey. There was evidence that the horse which the wife plaintiff called "the colt," was accustomed to shy at lumber loaded teams.

*J. H. Webster,* for the plaintiffs, to the point of defect, cited *Frost* v. *Portland,* 11 Maine, 271; *Johnson* v. *Whitefield,* 18 Maine, 286; *Verrill* v. *Minot,* 31 Maine, 299; *Ham* v. *Wales,* 58 Maine, 222; *Willey* v. *Belfast,* 61 Maine, 569; *Rogers* v. *Newport,* 62 Maine, 101; *Clark* v. *Lebanon,* 63 Maine, 393.

*D. D. Stewart,* for the defendants.

Assuming that the colt was frightened by this wagon body, thus placed, it was not such a defect as will render the town liable. *Brooks* v. *Acton,* 117 Mass. 204, 210. *Cook et ux.* v. *Charlestown,* 98 Mass. 80. *Cook* v. *Montague,* 115 Mass. 571. *Keith* v. *Easton,* 2 Allen, 552. *Kingsbury* v. *Dedham,* 13 Allen, 186. *Cook* v. *Charlestown,* 13 Allen, 190.

PETERS, J. The body of a common riding wagon was left on the side of the road, laid up edgewise against some bushes, being within the limits of the road, but entirely outside of the traveled track. The plaintiffs' horse took fright at it, and an injury was caused thereby. Whether that was an incumbrance sufficient to

render the town liable for a defect in the highway, is the precise question presented.

It is difficult to determine what would be, and what would not be, a defect that would render a town responsible in damages for an injury received upon a highway. It may be a question of law or of fact, or of law and fact combined, according to circumstances. If the evidence is clear and undoubted, it may be so palpable a case that the law can easily settle it one way or the other. The doubtful cases belong usually to the jury, for decision. This case is left to us, both upon the law and the fact, to be determined according to our view thereof.

In *Card* v. *Ellsworth*, 65 Maine, 547, we recently had occasion to review the decisions in this state affecting the liability of towns in cases of injury occasioned by the fright of horses at objects upon the highway. We there decided that a person might, under proper evidence, recover in a case of the kind, where the object of fright was situated within, and was *per se* a defect upon, the traveled portion of the highway. There is no doubt that a town would be liable in damages in many cases where horses become frightened by objects within the traveled way, when the same objects could not reasonably be regarded as constituting a defective road if situated outside the traveled way. Whether a recovery can be had where the fright is caused by an object outside of the traveled road, but within its located limits, and, if so, to what extent and under what limitations and conditions, we are disposed to regard as questions not yet judicially determined in this state. Our opinion is, that upon the facts of this case the plaintiffs are not entitled to recover.

In the case cited, the court laid down the general proposition, that in no such case can a plaintiff recover, "unless the object of fright presents an appearance that would be likely to frighten ordinary horses; nor unless the appearance of the object is such that it should reasonably be expected by the town that it naturally might have that effect; nor unless the horse was, at least, an ordinarily kind, gentle and safe animal, and well broken for traveling upon our public roads."

Subjected to this test the plaintiffs' claim fails. A wagon body

is a very common and practical thing. It is accustomed to be seen in all forms and shapes upon and about our streets. It resembles, in any position, nothing frightful or ugly. Besure, the horse was alarmed by its appearance. But the same horse might as well be terrified by suddenly seeing some rocks or bushes by the roadside, or be alarmed at a wood pile, a manure heap, a hay rack, a cart, a wheelbarrow, a guide-board, a telegraph pole, or something else of the numberless inanimate things necessarily seen near or upon our streets and highways. All the eccentricities of sensitive horses cannot be guarded against by towns. The slightest objects will sometimes frighten them. A bright chip, or a bit of paper in motion, or an umbrella, or even a shadow, will terrify some horses. But many such incumbrances there are upon our roads that cannot be considered defects. There must be a sensible and practical limitation of the municipal responsibility. Towns are not to be regarded as insurers. The truth is, that, in many of this class of cases, more fault should be charged upon the horse and his driver, and less upon the town. It is an easy thing for witnesses to bolster up the character of horses for gentleness, and to swear to careful driving, where it is a point to be proved by opinion. But we think that the circumstances of this case render it very doubtful, at least, whether "the colt" (so called by the female plaintiff,) was safely adapted to traveling on the road.

But, at all events, we are not satisfied that it should reasonably have been expected by the town, that the wagon body, situated as it was, would naturally have the effect to frighten "an ordinarily kind, gentle, and safe animal, well broken for traveling upon our public roads." The common experience of men would not lead, and did not in this case lead, the town officers to anticipate such a thing. The town could not reasonably foresee that such an event might be likely to happen. The town, therefore, was not in fault for the accident; and if the plaintiffs were not, then the accident was a casualty and misfortune merely, without fault upon the part of any one.                    *Plaintiffs nonsuit.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.