JOHN FARRELL *vs.* INHABITANTS OF OLDTOWN.

Penobscot.    Opinion January 10, 1879.

*Way.    Defect.    Obstacle outside of wrought part.    Notice.*

It is not required that a highway, in its whole width as located, should be fitted for travel.    It is enough if there be a wrought road in good condition and of suitable width for all the needs of the public.

Objects outside the traveled way, and not near enough to the line of public travel to interfere with or incommode travelers, are not to be deemed defects.

When objects are left, temporarily and rightfully, outside of the traveled way, which may constitute a defect by remaining there an unreasonable time, the town, to be liable, must have knowledge that they are there under circumstances constituting them defects.    *Nichols* v. *Athens*, 66 Maine, 413, and *Bartlett* v. *Kittery*, 68 Maine, 358, reaffirmed.

·ON EXCEPTIONS, AND MOTION for new trial.

CASE for damages sustained by plaintiff while traveling on the highway in defendant town, by reason of an alleged defect.    A motion to set aside the verdict, as against evidence, the weight of evidence and against law, and exceptions being filed, in order to simplify the case, it was agreed that the verdict, which was for plaintiff, should be accepted as conclusive on all points involved, except as it is controlled by the fact that the accident was occasioned by the fright of the horse as herein stated.

And on this point it was agreed that the horse and carriage did not come in contact with any obstruction in the highway, nor receive any injury from any such cause, but the whole injury resulted from fright which the horse received at the sight of two or three blocks of split granite, about four or five feet long and some twelve or fifteen inches square, lying outside of the traveled path of the road, in approaching which the horse took fright, turned suddenly around, overturned the carriage and ran home, doing damage to both horse and carriage.    The accident happened September 13, 1876.    Writ dated February 6, 1877.

The presiding justice instructed the jury on all points relating to liability and duty of the parties in a manner not objected to by either party, except on the single point following :

Defendants requested the court to instruct the jury that, if the

object of fright was simply a piece or pieces of granite of usual form and appearance, lying outside the traveled path, without any frightful features other than those usually pertaining to such objects, the action cannot be maintained. This request the court refused, but left it to the jury to decide whether the stones were, as a matter of fact, a defect such as to render the road unsafe for travel, by reason of their being objects calculated to frighten horses that were well broken and suitable to drive.

To the above ruling and refusal the defendants excepted.

*J. Varney*, for plaintiff.

*A. W. Paine*, for defendants.

APPLETON, C. J.  A person receiving a bodily injury, or suffering damage in his property, " through any defect or want of repair, or sufficient railing, in any highway, townway, causeway, or bridge," may recover for the same in an action on the case, etc.

In the case before us it is not denied that the traveled portion was safe and convenient. The road in its whole width, as located, need not be fitted for travel. It is enough if there be a well wrought road in good condition, and of sufficient width for all the needs of the public. The public are to travel over that portion prepared for that purpose, and not over that not so prepared. Towns are not insurers against the possible and infinite idiosyncracies of the various horses which may travel over a road. Its duty is done when ample space, a road smooth and well conditioned, in good repair, is open for the public.

The injury complained of arose from no defect or want of repair in a road of ample width, but from a fright of the horse occasioned by " two or three blocks of split granite, about four or five feet long and twelve or fifteen inches square, lying outside of the traveled path."

These pieces of granite may have been needed for the repairs of a bridge, and may have been temporarily left there while in their progress to the bridge for the repair of which they may have been needed. They were articles of utility. They were not in the traveled way. They did not, *per se*, obstruct or interfere with the public travel.

The defendants had a right to the use of the highway for their removal. If the plaintiff's horse had taken fright while in the process of their removal, the town would not have been liable. *Davis* v. *Bangor*, 42 Maine, 522. Still less should the town be liable while they are at rest, and outside the traveled path. Neither are they articles which could be expected to frighten a well trained horse, and against which the town was to be on its guard. In *Card* v. *Ellsworth*, 65 Maine, 547, the object of fright was, *per se*, a defect in the road. In *Nichols* v. *Athens*, 66 Maine, 402, the body of a common riding wagon, left outside of the traveled road, by which a horse was frightened, was held not to be such an incumbrance or defect as would render the town liable for a defective highway. "There is no doubt," observes Peters, J., "that a town would be liable in damages in many cases where horses become frightened by objects within the traveled way, when the same objects could not reasonably be regarded as constituting a defective road if situated outside the traveled way." In *Perkins* v. *Fayette*, 68 Maine, 152, an instruction that, towns were not required to render a road passable for the entire width of the whole located limits, and that the duty of the town was accomplished by making a sufficient width of the road in a smooth condition so that it would be safe and convenient for travelers, was held correct. It was there held that the town had the right, in making or repairing roads, to remove stones and stumps on the sides of the way, and leave obstructions there, provided the same were situated so far from the traveled path, that persons passing over the road with teams might pass without danger of collision. In *Rounds* v. *The Corporation of Stratford*, 26 Up. Can. Com. Pleas, 11, it was held that the existence of a broken-down wagon, with a bright red board sticking to it, on the side of a highway and partly in the ditch, where it had been hauled by the owner, some eight or ten feet from the traveled path, leaving plenty of room to pass, and remaining there for ten days, did not constitute evidence of actionable negligence on the part of the corporation. "It is not pretended," observes Hagarty, C. J., "that it produced any ill effect beyond frightening of the horse. . . It was not that it encroached on the road, or narrowed the

road way, but that it presented an appearance likely to cause a horse to shy. . . I cannot for a moment understand how the presence of a broken-down country wagon on the side of the road, in no way interfering with the fullest privilege of passing or repassing, can, in and of itself, give a cause of action to any person. It must be rested wholly on the wagon being an object likely to frighten horses. . . If liable here, they would be liable for the most trivial matters; far more startling objects are to be seen in and along the sides of streets. Must a corporation insist, at its peril, on the removal of everything as likely to startle as an old country wagon with cross pin or board standing upon it, hauled completely out of the traveled way?" So in *Bartlett* v. *Kittery*, 68 Maine, 358, it was held that a thing rightfully in the highway might constitute a defect by remaining there an unreasonable time; but to hold the inhabitants liable, they must not only know the thing is there, but that it is there under circumstances which constitute a defect. In the case before us, the stones were procured for the purpose of repairing the highway, and had not been at the place where they were left but a few hours. They in no way obstructed the public travel. The town was in no fault for their being on the side of the road. Ample space was left for the public travel without coming in contact with the stones.

According to the weight of authority the defendants are not legally responsible for the accident and consequent injury.

*Motion sustained. New*
*trial granted.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.