FRANK BARRETT, PLAINTIFF, *v.* THE TOWN OF WALWORTH, DEFENDANT.

*Highways — a large boulder left on one side of a highway as laid out — the duty of highway commissioners — their discretion — liability of the town for an accident.*

Near the center of a highway, which had existed in a town for some thirty years, was a large boulder which had been found to be of such a size that its removal would have been very difficult; in consequence of which the town authorities constructed the road-bed upon the west side of the boulder. In 1889, while one Frank Barrett was driving along this road in the daytime his horse shied, as was alleged, at the boulder, upset the wagon and he was injured.

In an action brought by him against the town to recover for such injuries:

*Held*, that Barrett had no cause of action, as the evidence showed that the boulder was visible from a considerable distance; that there was nothing peculiar in its shape or appearance; that the road around it was in proper condition and of sufficient width to allow a team under ordinary conditions to safely pass it.

That highway officers were not bound to make every portion of a highway contained within its lines suitable for travel.

That it is sufficient if they provide a well-defined road of a proper width.

That, in order to make a town liable, the character of the object should be such as to make the liability of its frightening horses obvious.

That, in laying out a highway, town officers act to a certain extent in a *quasi* judicial manner.

That, in determining to avoid, rather than to remove, the boulder, they exercised their judgment; and if in such exercise they failed, the town could not be made liable to a person injured.

EXCEPTIONS of the plaintiff Frank Barrett, taken upon a trial had at the Ontario Circuit before the court and a jury, where a nonsuit was directed, the exceptions were ordered to be heard in the first instance at the General Term, and in the meantime all proceedings were stayed.

*Edwin Hicks,* for the plaintiff.

*Walter S. Hubbell,* for the defendant.

LEWIS, J.:

There was laid out and opened in the town of Walworth, Wayne county, thirty years or more ago, a highway three rods in width. In opening it there was found in the line of the highway, and very near the center thereof, a large natural boulder. The portion thereof extending above the surface of the ground was nine feet four inches from east to west, twelve feet north and south, thirteen feet north-west and south-east. The west side was two feet nine inches above the ground; the south side three feet seven inches above, the east side three feet eleven and a half inches above the ground. The highway ran in a northerly and southerly direction.

In opening the highway the town authorities did not remove the boulder, but in constructing the road-bed turned it to the west side of the boulder.

On the 26th day of May, 1889, in the daytime, the plaintiff was driving a horse before a buggy on the highway in question, and as he approached near to the stone his horse was frightened by it, reared and shied to the side of the road, upset the wagon and injured the plaintiff, and he brought this action to recover compensation for his injuries. At the close of his evidence he was nonsuited and his exceptions were directed to be heard at the General Term in the first instance.

The highway where the accident occurred was straight for a long distance. The stone was plainly visible to a person traveling on the highway for a quarter of a mile either side of the stone. The

road-bed, as it turned from the general course of the highway and passed by the stone, was of sufficient width to allow a team under ordinary conditions to safely pass it.

The land in the vicinity of this boulder was quite stony Other stones of considerable size were lying in and upon the sides of the highway, but of much less size than the one in question. The boulder was imbedded in the ground, but to what depth the record fails to show.

It is the contention of the plaintiff that the size and appearance of the stone were such, lying as it did in the center of the highway, that it was likely to frighten road-worthy horses, and that the highway commissioner was guilty of negligence in permitting it to remain in the road. The evidence fails to show that there was anything peculiar in the shape or appearance of the stone to distinguish it from other boulders except its dimensions. The general rules of law, as to the duties of public authorities charged with the care of highways, have been quite well settled by a long line of decisions. It is, as a general proposition, negligence to permit objects to remain in a highway, which from their nature or appearance obviously have a tendency to frighten horses of ordinary gentleness and docility. (Thompson on Negligence, 778.)

A reasonably safe and commodious road-bed must be maintained, so that the traveler can either by day or night pass over it without being exposed to unnecessary peril by objects therein. A very different road-bed, however, is expected and required in the highways of the sparsely settled farming districts than is expected to be provided in cities and villages.

Towns are not obliged to keep the whole of a highway, from one boundary to the other, free from obstructions and fit for the use of travelers. In many cases all the property of the towns would be insufficient for that purpose. There may be ledges of rocks, ravines and water-courses in the road. It cannot be expected that towns shall in all cases make bridges the whole width of the road, or fill up ravines or cut down ledges of rock.

Highway officers are not required to grade the whole space within the limits of the highway, so that a traveler can safely drive his carriage over every part of it. In ordinary cases, if they provide a pathway of suitable width, and so define it as that there shall be no

reasonable danger of its being mistaken, they have fulfilled their duty to the public.   (*Ireland* v. *Oswego, etc., Plank-Road,* 13 N. Y., 531.)

Rocks and stones within the limits of the highway, but not obstructing the traveled path, are not defects for which a town is liable. (*Keith* v. *Easton* 2 Allen, 554, citing *Howard* v. *North Bridgewater,* 16 Pick., 189 ; *Smith* v. *Wendell,* 7 Cush., 498.)

When, in laying out and opening highways, natural obstacles, like streams, gullies, hills or boulders, are encountered, the authorities are at liberty to change the course of the highway to pass around the obstacles.   They would not, however, be justified in allowing an actual obstruction or incumbrance to remain in the highway, which tended to impede or hinder travel and make the highway dangerous to travelers coming in contact or collision with it.

The record shows that this boulder did not constitute an actual obstruction in the way of travel, for a roadway of sufficient width was constructed at the side of it.

Upon the highways of our country objects of various description will be found, many of them may cause horses to take fright, but to compel the authorities to remove them all would impose a too serious burden upon the public.

There is a class of cases holding the highway authorities liable for obstructions placed in the highway, like piles of stones, lumber or any object liable and calculated to frighten road-worthy horses. In such cases a question is presented for the decision of a jury as to the negligence of the town authorities.

In *Eggleston* v. *Columbia Turnpike Company* (18 Hun, 146), a quantity of stone was deposited upon the margin of the road for the repair of a culvert.

In *Foshay* v. *Town of Glen Haven* (25 Wis., 288), a horse was frightened by a hollow, burnt log, lying close beside the traveled part of the road.   It was held in these cases that a case was presented for the decision of a jury.

In another case a large rock or boulder had been taken out of the bed of the highway and was allowed to remain an unreasonable time.   It was held the town was liable for damages for injuries to the driver by his horses taking fright at the stone.   These were cases of misfeasance, and not of nonfeasance.

In the cases last referred to, the object or thing was one which the commissioners were bound to remove, irrespective of its tendency to frighten horses. In order to charge the town with liability, the character of the object should be such as to make the danger obvious and the duty of the town clear. (*Dimock* v. *Town of Suffield*, 30 Conn., 129; *Ayer* v. *City of Norwich*, 39 id., 376; *Card* v. *City of Ellsworth*, 65 Me., 547; *Nichols* v. *Athens*, 66 id., 402.)

Had the boulder in question been placed in this highway after the highway was laid out and opened and been allowed to remain by the public authorities for an unreasonabe length of time, a different question would be presented.

Town authorities, in laying out and opening a highway, act to a certain extent as judicial or *quasi* judicial officers. They are required to exercise their judgment and discretion, and, within certain limits, the town is not liable for their errors of judgment or for errors in the general plan of their work. (*Urquhart* v. *Ogdensburg*, 91 N. Y., 67; S. C., 97 id., 238; see, also, *Gould* v. *Topeka*, 32 Kans., 485.) They cannot, in constructing a highway, leave therein obvious dangers to the traveling public.

In laying out this highway this boulder was found in the line of the road. It was a natural object. Its removal involved the expenditure of considerable labor, and the question was presented to the authorities as to the propriety of its removal. They determined to change the course of the road-bed and pass to the side of the boulder, and not subject the town to the expense of its removal. And in determining that question they acted, we think, in a *quasi* judicial capacity, and if they erred in judgment, the town cannot be made liable for the error.

We think there was no error committed in directing the nonsuit, and that the plaintiff's motion for a new trial should be denied, and judgment ordered for the defendant upon the nonsuit.

DWIGHT, P. J., and MACOMBER, J., concurred.

Plaintiff's motion for a new trial denied, with costs, and judgment ordered for the defendant on the nonsuit.