CASE 70—ACTION BY J. C. ELAM AGAINST THE CITY OF MT. STERLING FOR DAMAGES FOR PERSONAL INJURIES.—March 10, 1909.

# Elam v. City of Mt. Sterling

Appeal from Montgomery Circuit Court.

A. W. YOUNG, Circuit Judge.

Judgment for defendant. Plaintiff appeals—Affirmed.

1. Municipal Corporations—Objects in Streets—Action for Injury —Pleading.—Where one suing a city for personal injury relied on the proposition that crossing stones piled in the street tended to frighten horses of ordinary gentleness, the petition should have pleaded it.

2. Municipal Corporations—Objects in Streets—Frightening Animals.—A city was not negligent in leaving stone along the curbing of a street, and out of the traveled way, if it did not tend to frighten horses of ordinary gentleness; and hence is not liable for injury caused by a horse taking fright unless the horse was ordinarily gentle.

3. Municipal Corporations — Defects in Streets — Precautions Against Injury—Improving Streets.—Cities and towns must keep their streets in reasonably safe condition for travel, but in repairing a street they may place therein material, etc., properly used in the work, though reasonable care should be used to avoid injury therefrom.

4. Municipal Corporations—Defects in Streets—Injuries—Liability. —Cities are not insurers against accidents on streets and sidewalks.

5. Municipal Corporations—Objects in Streets—Frightening Horses—Jury Question.—Generally the question whether an object in a street tends to frighten horses of ordinary gentleness is a jury question.

W. C. HAMILTON and W. B. WHITE for appellee.

### POINTS AND AUTHORITIES.

1. The petition does not state a cause of action. (28 Cyc. page 1380; Elliott's Roads and Streets, sec. 616; Smith's Municipal Corporations, sec. 1543; Board of Councilmen of Town of Nicholasville v. Fain, 99 S. W., 275; Town of Royal Center v. Bingaman, 77 N. E. (Ind. 1906) 811.)

2. The obstructions complained of were not, as a matter of law, such obstructions as were reasonably calculated to frighten a horse of ordinary gentleness. (Bloor v. Delafield, 65 N. W. 676; 69 Wis. 273; Cleveland, &c. v. Wynant, 114 Ind. 525, 5 Am. St. Rep. 644; Wyatt Pearce v. Town of Lancaster, 1 Ky. Law Rep. 412.)

3. There was no proof under which the jury could have found that the horse in question was one of ordinary gentleness, hence a submission of the case to the jury would have been improper.

PREWITT & SENFF for appellant.

### AUTHORITIES CITED.

Fugate v. City of Somerset, 97 Ky. 48; City of Frankfort v. Allen, 26 Ky. Law Rep. 581; Carlisle v. Somerset, 25 Ky. Law Rep. 336; C. N. O. & T. P. Ry. Co. v. Zachary's Admr., 32 Ky. Law Rep. 678; Yates v. City of Covington, 119 Ky. 228; Board of Council, &c. Nicholasville v. Fain, 30 Ky Law Rep. 564; City of Newport v. Miller, 93 Ky. 22.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant in his petition to recover damages for personal injuries received alleged that the city of Mt. Sterling, by its officers and agents, negligently and carelessly placed and permitted to remain on Richmond street, in said city, two large piles of crossing stones directly opposite each other on each side of the street, so close to the route of travel as to

frighten horses passing same, thereby rendering the street dangerous and unsafe for travel which fact was known to the officers of the city, or could have been known by them by the exercise of ordinary diligence on their part; that, while driving a gentle horse attached to a buggy along the street in the ordinary and usual mode of travel, his horse became frighened at the stones and ran away, causing his buggy to collide with another vehicle, which collision resulted in appellant being thrown violently to the ground, thereby injuring him severely. A demurrer to the petition being overruled, an answer was filed traversing the averments of the petition and pleading contributory negligence. Upon the conclusion of the evidence for the plaintiff the trial judge directed the jury to return a verdict for the city; so that the question we are called upon to determine is whether or not this ruling of the trial judge was erroneous.

The testimony established, in substance, that the city, desiring to make a foot crossing out of stone across the street, employed a contractor to do the work, and this contractor on Saturday, the 22d of February, hauled crossing stones to the point where the crossing was to be laid, and placed them in the street close to the curbing of the sidewalk and parallel with it. The stones, four in number, were six feet long, four feet wide, and four inches thick; two being placed on each side of the street, one on top of the other. They were not on the traveled or macadamized part of the street, and the space in the street for vehicle travel between the stones was some 15 feet. It was the intention of the contractor to lay the stone walk on the Monday following, but rain and other pressing engagements delayed him in the work, and

it was not commenced until Wednesday, the 26th, the day appellant was thrown from his buggy. There was some conflict in the testimony as to the gentleness of the horse, but the weight of the evidence was to the effect that he was ordinarily gentle. The appellant offered to prove by several witnesses that stones, placed on the street as these were, were reasonably calculated to frighten horses of ordinary gentleness; but objection to this character of evidence was made and sustained. He also offered to prove by other witnesses that gentle horses driven by them were frightened by these stones before the accident to appellant occurred, and one witness was permitted to say that his horse did scare at them, and that they were reasonably calculated to frighten horses of ordinary gentleness.

It is the contention of the appellee that the offered evidence that the stones were reasonably calculated to frighten horses of ordinary gentleness was properly excluded, because there was no averment in the petition to this effect. It is further insisted that, in omitting to state this fact, the plaintiff failed to set out a cause of action, and a demurrer to the petition should have been sustained. As the cause of action was necessarily grounded upon the proposition that the stones were calculated to frighten horses of ordinary gentleness, it seems to us the petition should have contained this or a like averment. Placing the stones in the street was not in and of itself an act of negligence. The negligence, if any, consisted in the fact that the stones were calculated to frighten horses of ordinary gentleness. If they were not calculated to do this, it was not negligence to place them in the street, and travelers would have no cause of action

against the city on account of their presence. As a general rule, a person cannot recover for injuries inflicted by the fright of his horse unless he proves that his horse was ordinarily gentle; and hence it would seem to follow that there should be an allegation of this fact. The stones might have frightened horses, but this fact of itself would not warrant a recovery against the city unless the horse so frightened was ordinarily gentle, and the stones calculated to frighten such a horse. Elliott on Roads and Streets, section 616; 28 Cyc. 1380; Town of Royal Center v. Bingaman, 37 Ind. App. 626, 77 N. E. 811; Town of Rushville v. Adams, 107 Ind. 476, 8 N. E. 292, 57 Am. Rep. 124; Ayer v. Norwich, 39 Conn. 376, 12 Am. Rep. 396; Board of Councilmen v. Fain, 99 S. W. 275, 30 Ky. Law Rep. 564.

Without passing upon the correctness of the rulings of the trial court in respect to the evidence offered and rejected, we will proceed to consider the question whether or not placing the stones in the street and permitting them to remain there for the time mentioned was an actionable nuisance. It is elementary doctrine that cities and towns must keep their streets, and all parts of them, in reasonably safe condition for public travel; but streets can only be kept in reasonably safe condition for public travel by improving and repairing them. And, if it becomes necessary to improve or repair streets, the municipal authorities must of necessity have the right to put in the streets the material needed to improve and repair them, as well as the implements and machinery that it is requisite or proper to use in this kind of work. It would be most unreasonable to impose upon a city the duty to improve and repair, and at the

same time hold it liable for accidents happening on
account of horses becoming frightened at the material
or implements or machinery used.  In cases of this
character the  doctrine of  nonliability should  be
applied, unless there is negligence independent of
merely placing material in a proper place on the
street.  The city should, of course, exercise care in
placing the material; and, if it is of an unusual char-
acter, the additional duty might be imposed of exer-
cising reasonable care to prevent injuries growing
out of the fright of horses using the street.  But in
the case before us the uncontradicted evidence is
that there was nothing unusual, or grotesque, or out
of the ordinary, in the stones at which the horse
became frightened.  And it also appears that these
stones were put at the place in the street where they
would be least likely to frighten horses.  They could
not well have been put on the pavement or sidewalk,
and to have placed them in the traveled part of the
street would have been negligence, and so they were
put alongside the curbing and parallel with it, and
over a ditch or gutter, leaving both the sidewalk and
the traveled part of the street entirely free from ob-
struction.  It is a matter of common knowledge that
piles of rock that have been placed there for the pur-
pose of repair are constantly seen on the side of turn-
pikes and highways, and are permitted to remain
there until it is convenient or deemed advisable to
use them; and so, in the repair of streets, and side-
alks in town and cities, brick, sand, rock and other
material used in the construction or repair are
placed conveniently for use.  And if occasionally
horses become frightened at rock on the side of
the turnpike, or brick or stones on the side of the

street that have been placed with due care and out of the traveled part of the highway, there can be no recovery for the damages sustained. There is quite a difference between the liability of a city for placing or permitting to remain in its streets material or objects not necessary for the use of the city in the construction or improvement of its streets and its liability for occupying its streets with material that is needed for construction or repair. In the first-mentioned state of case the city would not be keeping its streets reasonably safe for public travel, if by its negligence it permitted them to become incumbered with articles or objects calculated to frighten horses of ordinary gentleness; whereas, in the other instance, no liability would attach if proper care was taken in the location of the usual material.

Cities are not liable for every accident or injury that happens because horses take fright at objects on the side of the street. As said in 2 Dillon on Municipal Corporations, section 1019: "From what has already been said it follows that a municipal corporation is not an insurer against accidents upon the streets and sidewalks; nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient, we think, if the streets, which include sidewalks and bridges thereon, are in a reasonably safe condition for travel in the ordinary modes by night as well as by day; and whether they are so or not is a practical question, to be determined in each case by its particular circumstances." Generally, the question whether or not an object is one calculated to frighten horses of ordinary gentleness is for the jury, but there are exceptions to this rule, and we think the case before us affords an illustration of

one of them.  The fact that the plaintiff's horse, assuming that he was ordinarily gentle, became frightened, is not the sole test of the city's liability. Its liability depends primarily upon the question whether or not the street at that place was reasonably safe for public travel; and this, in turn, brings into view the final inquiry, whether or not the things in the street constituted a nuisance or rendered it unsafe for public travel.  The objects at which the horse became frightened were plain ordinary stones, put there for a lawful purpose, and out of the usual way of travel.  We therefore hold as a matter of law that a municipal corporation is not liable in damages because of injuries sustained by the fright of an ordinarily gentle horse at objects, not of an unusual character, placed upon the side of a street, out of the traveled way, for the purpose of constructing, improving or repairing the same, although they may be permitted to remain a longer time than is necessary before being used.  As it was not a nuisance to place them there, neither was it a nuisance to leave them a few days.  Farrell v. Oldtown, 69 Me. 72; Nichols v. Athens, 66 Me. 402; Barrett v. Town of Walworth, 64 Hun. 526, 19 N. Y. Supp. 557; Loberg v. Town of Amhurst, 87 Wis. 634, 58 N. W. 1048, 41 Am. St. Rep. 69; District of Columbia v. Moulton, 182 U. S. 576, 21 Sup. Ct. 840, 45 L. Ed. 1237.

We have examined the cases cited by counsel for appellant, as well as others along the same line, and they are not in conflict with the views we have expressed. In Fugate v. City of Somerset, 97 Ky. 48, 29 S. W. 970, the piles of lumber at which the horse became frightened were placed at right angles with

the street, covering several feet of the improved part of it and extending upon the metal part. The lumber had been placed there to repair the sidewalk, and a portion of it was permitted to remain some time after the sidewalk had been repaired. In Board of Councilmen of Nicholasville v. Fain, 99 S. W. 275, 30 Ky. Law Rep. 564, the nuisance in the street consisted of a pile of rubbish containing scraps of tin, an old bath tub, oil cans, and other things. In Hazelrigg v. Board of Councilmen of Frankfort, 92 S. W. 584, 29 Ky. Law Rep. 207, the pile of rock, which was 3 feet high, 8 feet wide, and 11 feet long, was in part on the side of the street and partly in the traveled way.

Upon the whole case, we think the trial judge correctly ruled as a matter of law that the placing and leaving of the stones in the street was not an actionable nuisance.

Wherefore the judgment is affirmed.