Elena O'Connell, Appellee, v. City of Davenport,
Appellant.

Municipal corporations: REPAIR OF STREETS: NEGLIGENCE: INSTRUC-
1  TION. A city has the right to repair its streets, and in doing so
may tear up a defective pavement and obstruct the street, if neces-
sary, without liability in consequential damages resulting there-
from, when the work is performed with ordinary skill and prudence;
and persons using a street when undergoing repairs are held to
such a degree of care as an ordinarily prudent person would exer-
cise under the same conditions. The requested instruction on the
subject should have been given in the instant case.

Personal injury: MEASURE OF DAMAGES. The particular employment
2  and salary received prior to the time of a personal injury may
be considered on the question of damages, but the proper measure
of damages is impaired ability to earn money generally. An in-
struction limiting the right of recovery to the loss of earnings from
plaintiff's employment prior to the injury was erroneous.

*Appeal from Scott District Court.*—Hon. F. D. Letts, Judge.

Tuesday, February 17, 1914.

Action to recover damages for personal injury occasioned
by a fall upon a street, alleged to have been caused by a de-
fect in a sidewalk. Judgment for plaintiff. Defendant ap-
peals.—*Reversed.*

*Henry Vollmer* and *Sharon & Higgins,* for appellant.

*W. M. Chamberlain,* for appellee.

Gaynor, J.—This is an action to recover damages for
personal injury claimed to have been sustained by the plain-

tiff on the 20th day of July, 1911, occasioned by a fall upon one of the public streets of defendant city, known as Harrison street. In her petition she alleges that on said date said street was being repaved, and on account thereof it was quite a step from the ground to the sidewalk at and near the southwest corner of Harrison and Fourth streets; that on said date, and for a number of days prior thereto, bricks in the sidewalk at and near said corner, and extending from said corner along the curbing on Harrison street for a number of feet south of the corner, where said sidewalk begins, were in a loose and dangerous condition; that she stepped on one of the loose bricks which moved and turned her foot and caused her to fall and sustain the injuries of which she complains. The defendant's answer was a general denial.

The cause was tried to a jury and a verdict returned for the plaintiff, and, judgment being entered upon the verdict, defendant appeals and assigns as error the refusal of the court to submit the following instruction on the request of the defendant:

If you find from the evidence that the defendant was reconstructing or repairing Harrison street, at the point where said injury is claimed to have occurred, then you are instructed that the city of Davenport has by law the right to repair and reconstruct its streets and to adopt plans and specifications for such repair and reconstruction, and it has the right, in furtherance of such object, to tear up the existing pavement, and persons using said street would be held to a degree of care in such use as an ordinary prudent person would exercise under the same conditions.

The evidence tended to show that, at the time she received the injuries of which she complains, Harrison street was being repaved. The old bricks were still in the street in some places and torn up in others. The intersection at Harrison and Fourth streets was torn up. The bricks had been taken out in some places. In the process of reconstructing or repairing the street, the sidewalk was partially torn up, and

the curbing was being replaced. A few of the bricks in the sidewalk back of the curb were taken up in order to cut it down. These bricks were never removed until it was necessary for that purpose. It appears that in putting in the curbing it was necessary, for the purpose of alignment, to dig out a layer of brick, or whatever portion of the sidewalk lay next to it.

It will be noticed that the plaintiff states in her petition, as a basis for recovery, that her injuries were due to defects in the street and sidewalk at the place where the street was then being repaved; that at and near the corner, and extending from the corner along the curbing on Harrison street for a number of feet south from the corner, where the sidewalk begins, the bricks therein were in a loose and dangerous condition. To determine a liability on the part of the city therefor under this allegation, it was necessary for the jury to determine whether or not these loose bricks, of which she complains, were or were not there, as a reasonably proper incident to the work of repair then carried on by the city.

The city had a right to repair its streets. It is not liable for consequential damages resulting from the exercise of this right when performed with ordinary skill and prudence. It is not sufficient to show that the street was torn up and out of repair as a natural and proximate result of the exercise of the right of the city to make repairs, for, under the law, the city has a right of entry upon its streets to reconstruct, repair, or improve the same, and to that end it has a right, and it is its privilege, to tear up and obstruct the street, if necessary, in the making of public improvements of this character. The exercise of this right in itself and the conditions that reasonably and necessarily result from the exercise of this right does not constitute negligence. How it could make repairs of this character, without tearing up some portion of the street, is not conceivable. The evidence

1. MUNICIPAL CORPORATIONS: repair of streets: negligence: instruction.

tended to show that in making repairs some of the bricks became or were loosened. If this was a necessary incident to the right of the city to make repairs, there could be no liability. To create a liability it must appear, further, that there was negligence in the doing of the authorized act, and that this negligence was the proximate cause of the injury. Or, in other words, where the party is engaged in the doing of a legal act, or that which the law commands or permits, the creation of conditions which are reasonably incident to the exercise of this right, and the accomplishment of the purpose authorized in the power granted, or the duty imposed, does not constitute negligence, and so, unless, under instructions properly given, the jury find negligence independent of or in the manner of the exercise of the right, there is no liability.

The court gave no instruction embodying the thought contained in the instruction asked, but told the jury that it was the duty of the city to keep its sidewalks in a reasonably safe condition for ordinary travel thereon, and said to the jury that, to make the city liable for any defects which cause an injury, it must appear that the sidewalk was out of repair so that it was likely to cause injury to persons passing over the same, or, in other words, was in a condition not reasonably safe for ordinary travel thereon; that, if it failed to keep the street in a reasonably safe condition for ordinary travel, it was negligent, and for such negligence was liable, ignoring entirely all thought or suggestion as to the cause of such condition, or as to whether the condition was rightfully produced or wrongfully produced.

We think the court erred in its refusal to give the instruction asked, and for this error the cause ought to be reversed. See *Hume v. Des Moines,* 146 Iowa, 624; *Walters v. City,* 145 Iowa, 457; *Elam v. City,* 132 Ky. 657 (117 S. W. 250, 20 L. R. A. (N. S.) 512); *Williams v. Tripp,* 11 R. I. 447; *Stevens v. Citizens' Gas Co.,* 132 Iowa, 597, and cases therein cited.

Error is predicated on an instruction, given by the court to the jury, on the question of damages. We think the error in this instruction lies in the fact that the court limited the

2. PERSONAL IN- jury, in determining plaintiff's damage, to
JURY: meas- the loss of earnings as fixed in the employ-
ure of dam-
ages.        ment prior to the injury, making that the

measure of her right to recover, both for the past and for the future, while the true measure of damage is the impairment. of ability to earn money generally. There must be an impairment of capacity to earn money generally. The separate employment of the plaintiff and what she was earning prior to and at the time of the injury may be shown and considered by the jury in estimating her loss, but this does not fix it for all future time. See *O'Conner v. C., R. I. & P. Ry. Co.,* 144 Iowa, 289.

For the errors pointed out, the cause is *Reversed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.