## Barrickman v. City of Louisville.

(Decided June 5, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch No. 4).

1. Municipal Corporations—Obstruction in Street—Injury to Pedestrian—Knowledge of Obstruction.—Where one knew a street was closed to traffic; lived only a few blocks away; had seen the obstruction a few hours before with danger signals displayed, but to escape a slippery sidewalk in consequence of a rain, chose the driveway which she knew had been closed to traffic, there can be no recovery for injury in running into a plank, falling and injuring herself.

2. Municipal Corporations—Removal of Barriers or Lights by Act of God.—Where barriers or lights properly placed are suddenly removed without warning to the municipality by act of God, or by accident of which it had no notice, the city will not be liable.

ELMER C. UNDERWOOD, BECKHAM OVERSTREET for appellant.

WM. J. O'CONNOR, PENDLETON BECKLEY for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an action by appellant against the city of Louisville seeking damages for injuries received by her in falling over an obstruction in the driveway of Dumesnil street in that city.

At the close of the plaintiff's testimony the circuit court directed a verdict to be returned for the defendant, and the plaintiff has appealed.

The evidence discloses that on the night of the 27th of June, 1912, appellant with her husband and a party of friends left her home, further out on Dumesnil street, between seven-thirty and eight o'clock to attend a social function some blocks away; that in so doing they passed

along Dumesnil street for several blocks, and immediately along by the place where the accident later happened; that the driveway of Dumesnil street was at the time closed for traffic and had been for about two weeks; that where they so passed barriers were erected at three different places along the street with red lights hung upon them, and that the plaintiff knew the driveway was and had been closed to traffic for the purpose of making certain repairs on it, which had that day been completed, but the street had not been opened and was not ready for traffic.

The south side of Dumesnil street, opposite where the accident happened, was used for a sidewalk, although no pavement had been made there, and the party passed along there as they went to the social function.

The obstruction at this point consisted of a plank or planks resting at each end upon three or four bricks piled up on the driveway two and a half or three feet from the curbing on each side which made an obstruction about a foot high.

While they were at the home of their friend about nine o'clock a thunder storm accompanied by a heavy rain came up, and they left the home of their friend to start back about half-past ten o'clock although it was still raining. When they reached the point on Dumesnil street where there was no pavement, the sidewalk being muddy and slippery, they proceeded to get out into the driveway, appellant's husband leading the way, she being second, and the others following. The husband safely passed in between the obstruction and the curbing, but appellant ran into it, knocked the plank down, fell herself and was injured. The evidence of one or more of the party is to the effect that they were going in the face of the rain and had their heads down. It further appears that the light which had been previously placed on the obstruction was not then burning, and as there was a high wind accompanying the thunder storm it may be fairly inferred that the light was in this way extinguished.

It is the positive duty of municipalities to keep their streets in reasonably safe condition for public travel, and in doing so are authorized to temporarily close them to public traffic, and when they are so closed, if due and timely notice is given to the public, there can be no recovery for an injury resulting from their use.

In this case appellant knew the street was closed to traffic; she lived only a few blocks away; she had seen these obstructions a few short hours before with the danger signals hanging on them, and if, with the knowledge of these facts, to escape the slippery and muddy sidewalk she chose to use the driveway which she knew was closed for traffic and was thereby injured there can be no recovery.  City of Lawrenceburg v. Lay,. 149 Ky., 490; Elam v. City of Mt. Sterling, 132 Ky., 657; Jones v. Collins (Mass), 59 N. E., 64.

It is shown by the evidence of the plaintiff that earlier in the night the red light had been burning on this barrier, and as said above it may fairly be inferred that a short time before their return trip it had been blown out by the strong wind; but where barriers or lights, properly placed, are suddenly removed without warning to the municipality by the act of God or by an accident of which it had no notice the city will not be liable.  Cyc., Vol. 28, p. 1407.

We are of opinion that the court properly directed the verdict, and the judgment is affirmed,