## SAVAGE

v.

## LOUISVILLE GAS & ELECTRIC CO., Inc.

Court of Appeals of Kentucky.

Feb. 5, 1954.

As Modified on Denial of Rehearing
June 4, 1954.

J. P. Karem, & F. J. Karem, Louisville, for appellant.

Albert F. Reutlinger, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellee.

STANLEY, Commissioner.

The appellant, Mrs. Ethel Savage, sued the appellee, Louisville Gas and Electric Company, and the Henry Bickel Company for damages for injuries sustained when she fell in a hole in the sidewalk portion of Whitney Avenue in Louisville, which was being reconstructed by the Bickel Company. The court directed a verdict for both defendants at the close of the evidence. The appeal is prosecuted, however, against the Gas and Electric Company only.

The grade of the vehicular part of Whitney Avenue had been lowered two or three feet. A strip varying in width from three to ten feet, used as a sidewalk, remained at the old grade. Mrs. Savage's home was near the middle of the block. Hers was the only lot in front of which there was a concrete pavement. Only a beaten path along the way served the other property as a sidewalk. The north edge of the pavement was flush with a picket fence in front of the Savage yard. During the afternoon of the day of the accident, employees of the Gas Company dug a hole about two feet in diameter and a foot or more in depth, right at the south edge of the pavement or perhaps two feet beyond the edge. It was practically directly in front of the yard gate, and was left uncovered without light or other protection. Nor was there any street light near by. The street contractor had barriers across each end of the vehicular part of the street. But plaintiff's proof is that there was no bar or any other warning across the sidewalk portion and it continued to be used freely by pedestrians.

The foregoing is the evidence of the plaintiff. It was sufficient, we think, to take the case to the jury on the question of the defendants' negligence and, as well, the question of contributory negligence which the defendants' evidence tended to prove.

Mrs. Savage had been away from home during the afternoon and came in after dark through a back way. She, of course, knew about the street construction work but she did not know the Gas Company had dug the hole described. About eight o'clock she went out her front gate to go to the next door neighbor's home and stepped into the hole. She suffered a broken ankle and other injuries.

We have various cases laying down the rule that where a street has been closed to public travel during the course of repairs or construction and proper notice of the closing was given, a person injured in using the street is not entitled to recover damages. Barrickman v. Louisville, 159 Ky. 431, 167 S.W. 151; Myers v. City of Louisville, 274 Ky. 764, 120 S.W.2d 221, 119 A.L.R. 837, are typical. But sometimes it may be a question of fact whether the notice of the street being closed is sufficient to advise pedestrians that the sidewalk is also closed. See Notes, 119 A.L.R. 846 et seq. In the instant case, the trestles were across the vehicular part of the street from curb to curb but there was none across the higher strip reserved for and being used as the sidewalk. The absence of such warning made it reasonable to believe that the barriers were intended only to stop travel on the street where the work was being done and not on the elevated sidewalk area. However, we may add that witnesses for the defense stated in general terms, without description, that both the vehicular and sidewalk parts were closed, and that burning flares were put at the hole about four o'clock of the afternoon of the accident. To our mind, if there was no warning against using the sidewalk area and the

hole was left unguarded and unlighted, the most the Gas Company would be entitled to is only a submission of the issue of its negligence to the jury, for this record proves quite conclusively the sidewalk area was not closed for pedestrian travel. City of Hazard v. Scruggs, 307 Ky. 516, 211 S.W. 2d 683.

Appellee's argument is not so much directed toward the concept of negligence on the part of the plaintiff in going out on the sidewalk as it is in not staying on the slab of concrete paving when she came out the gate. Had she made a sharp turn to the right immediately upon going through her gate and remained on the five foot paving, she would have avoided the hole. The court held, apparently, that she was contributorily negligent as a matter of law in stepping beyond or off the paving.

It is to be remembered that she had the right to go on the sidewalk; that it was dark; that she had no notice or knowledge of the hole; that she had a right to assume safety since there was no reason to suppose there was a hole just off the edge of the paving or that the previously safe sidewalk had been made dangerous. Another factor is that the concrete paving ended in ten or twelve feet and there was only a path the rest of the way to her neighbor's gate.

The appellee seeks to have us apply the cases of Myers v. City of Louisville, supra, 274 Ky. 764, 120 S.W.2d 221, 119 A.L.R. 837, and Morrison & Conklin Const. Co. v. Cooper, Ky., 256 S.W.2d 505. The facts are materially different. In the Myers case a pedestrian, while walking at night on a cinder path along a street under construction, fell into a hole. A red light had been placed on the pile of dirt at the hole and the path properly blocked. Moreover, the path was made for the use of the Construction Company's own employees although it was occasionally used by other people passing over the street being repaired. The court held the pedestrian had used the path at his own risk and was himself negligent. In the Cooper case the plaintiff walked across a lawn upon which dirt thrown by the contractor had been made slippery by rain, as she well knew. We held she assumed the risk of slipping on the mud.

More like the present case are City of Glasgow v. Gillenwaters, 113 Ky. 140, 67 S.W. 381, and City of Hazard v. Scruggs, supra, 307 Ky. 516, 211 S.W.2d 683. In the Glasgow case it is held that a pedestrian is not negligent as a matter of law in deviating or departing from a sidewalk when he has a right to assume that all parts of the street intended for such travel are reasonably safe. If he goes where he has the right to go and has no knowledge of a dangerous excavation or obstruction in the street, he may do so without negligence being imputed. In the Hazard case the city had dug a pipe line ditch along a street about 18 inches from where there had been a gravel path on which people were accustomed to walking. There was evidence that warning lights had not been maintained along the ditch. Following the Glasgow case, we held that since the plaintiff, a woman pedestrian, had the right to go to a neighbor's house along the street, the questions of negligence and contributory negligence were for the jury. The instant case fits into the pattern of those cases rather than of the Myers and Cooper cases.

We are, of opinion, therefore, that the case should have been submitted to the jury on the issues of negligence and contributory negligence.

Judgment reversed.